LEXINGTON AND ST. LOUIS RAILROAD COMPANY, Defendant in Error, *vs.* CUTHBERT MOCKBEE, Plaintiff in Error.

1. *Judgment—Entries corrected nunc pro tunc.*—In proceedings to set aside the report of commissioners condemning lands for railroad purposes, the entry upon the judge's docket was, "Objections overruled and judgment for defendant." And the law required the judgment for defendant entered in such case to be one vesting the title in the company, but the clerk, in writing up the order, by mistake, made it to read, "that plaintiff take nothing by his action and that defendant recover his costs:" *Held,* that the entry might be corrected *nunc pro tunc* at a subsequent term.

2. *Writ of error— Will not lie after what time.*—A judgment cannot be brought up on a writ of error after three years from the date of its rendition, although it may have been corrected *nunc pro tunc* within that period.

PER SHERWOOD, J., CONCURRING.

1. *Jones vs. Hart overruled by Lex. & St. L. R. R. vs. Mockbee.*—The case of Lexington & St. L. R. R. Co. vs. Mockbee, and that of Jones vs. Hart, 60 Mo. 351, involve in principle the same questions, and the former in effect overrules the latter.

### Error to Pettis County Circuit Court.

*Crandall & Sinnett*, for Plaintiff in Error.

I. The original entry of judgment in this cause was a nullity. (Catiche vs. Circuit Court, 1 Mo. 436: Caldwell vs. Stephens, 57 Mo. 589.)

II. There was no entry on the judge's docket, or other record evidence, authorizing the judgment entered *nunc pro tunc.* (Norfolk vs. Pate, 25 Mo. 597 ; Pockman vs. Meatt, 49 Mo. 348 ; Saxton vs. Smith, 50 Mo. 490 ; Dunn vs. Raley, 58 Mo. 134 ; Jones vs. Hart, 60 Mo. 354.)

In Jones vs. Hart, which is a very similar though not so strong a case as the one at bar, this court held that there was no "mere clerical mistake" subject to correction, as such, by entry *nunc pro tunc*, and reversed the judgment.

*Vest & Gantt*, for Defendant in Error, cited: Parker vs. Rugg, 9 Gray, 209 ; Moster vs. Moster, 53 Mo. 326 ; Wagn. Stat. 1064, § 3 ; Hann. & St. Jo. R. R. Co. vs. Morton, 20 Mo. 70 ; Gibson vs. Chouteau's Heirs, 45 Mo. 171 ; Robertson vs. Neal, 6 Mo. 579 ; Turner vs. Christy, 50 Mo. 145 ; Mann vs. Schrœr, 50 Mo. 306 ; Saxton vs. Smith, 50 Mo. 490.

WAGNER, Judge, delivered the opinion of the court.

This was a writ of error, prosecuted from a judgment of the circuit court making an entry *nunc pro tunc*. From the record it appears that on January 6th, 1869, commissioners were appointed by the circuit judge of Pettis county, on the petition of the plaintiff, to assess the damages, if any, caused to the lands of the defendant by reasons of the plaintiff's road being located over and through them.

The 9th section of the plaintiff's charter, under which the proceedings were had, provides, that: "if any owner of any tract of land through which such railroad shall pass, shall refuse to relinquish the right of way for said road to said company, or the necessary lands for depot, engines, or warehouses, water stations, stopping stages, or turn-outs, or if the owners be infants, or persons of unsound mind, or non-residents of the State, the facts of the case shall be specially stated to the judge of the circuit court of the county in which said lands are situated; and said judge shall appoint three disinterested citizens of the county in which such lands are situated, to view said lands, who shall take into consideration the value of the land, and advantages and disadvantages of the road to the same, and shall report under oath what damages will be due to said lands, or any improvements thereon, stating the amount of damages assessed, and shall return a plat of the land thus condemned. Notice of such application to such judge shall be given to the owner of such lands five days before the making of the application, if such owner resides in this State, or to his guardian; and if such owner be a non-resident of this State, he may be served with actual notice or by an advertisement for four weeks in some public newspaper."

The 10th section provides, that the persons appointed to view and value the lands shall file their report and plat in the county in which the land, or a part thereof, is situated, and if no valid objections are made to the report, the court shall render judgment in favor of the owner against the company, for the amount of the damages assessed, and after their payment a judgment shall be rendered, vesting in the company the title.

It is further provided that the objections to the report must be filed within ten days after the report is filed.

Some of the records in the proceeding are lost and cannot be found; but it is shown that due notice was given to the defendant of the application for the appointment of commissioners, and the commissioners having filed their report in which they assessed no damages to the land, he appeared at the July Term, 1871, and filed his objections in writing to the report. The only ground of objection made by the defendant was, that the report was unjust in not awarding damages to him, and that the plat filed with the report was not correctly drawn.

These objections were heard and overruled by the court, and judgment was rendered for the company. Upon the judge's docket the case is stated, and the following entry is made: "Objections overruled, and judgment for defendant. Motion to set aside judgment, and for new trial. Motion overruled. Bill of exceptions tendered, signed and filed." From this entry it appears very clear that the objections of the plaintiff there, who is defendant here, were overruled, and final judgment was rendered for the defendant, who is the present plaintiff. The clerk, in writing up the order of the court, rendered judgment that plaintiff take nothing by his action, and that defendant recover costs.

This was not the judgment required and authorized by the law governing the case. When the objections were overruled, and judgment given for the defendant, it should have been a judgment vesting the title in the company.

On the 5th day of January, 1874, the plaintiff filed its petition to have the proper judgment entered *nunc pro tunc*, and at the May Term, 1874, the court granted the prayer of the petition and rendered judgment accordingly. From this last judgment the defendant has prosecuted his writ of error.

Certain informalities are relied upon in the first proceeding, which, it is contended, render the first judgment invalid; but we cannot notice them now.

The writ of error, now before us, was sued out more than three years after the rendition of that judgment, and, therefore, it cannot be brought up now. If we were, however, disposed to look

into the proceedings of condemnation, we do not think the errors assigned are maintainable. They are mostly technical, and whatever there was of substance, was unquestionably waived.

The defendant was brought in on notice, and the court acquired jurisdiction. The only objections made were, that the plat was not accurate, and that damages should have been awarded to him. The court heard the testimony and decided against him. This was his reliance then, and he cannot be permitted to change his ground now.

The only question is, whether the court did right in entering up the judgment *nunc pro tunc.* The law pointed out the judgment that the court was required to render, and whether it should render that judgment or not, was the matter in issue. Defendant presented objections against it, but they were overruled, and the judgment was ordered for the company as prayed for in the petition, and the clerk made a mistake or omission in writing up the formal judgment.

All this sufficiently appears of record and presented the requisite data to amend by. It follows that the court properly rendered the judgment, and its action should be affirmed. All the judges concur.

Per SHERWOOD, J., concurring.

I concur, for the reasons set forth in my dissenting opinion in Jones vs. Hart, 60 Mo. 351. That case and the present one are, in point of principle, precisely parallel. In order to conspicuously show this I here place the *data* from which the respective amendments were made, and the results of such amendments, in juxtaposition, thus:

| Jones vs. Hart. | Lexington & St. Louis R. R. Co. vs. Cuthbert Mockbee. |
|---|---|
| Clerk's entry: "Jury return their verdict for plaintiff, and assess his damages at $4,634.91." | The minutes of the judge's docket show the following entry: |
| Judge's entry: "Sub. to jury, and verdict for $4,634.91." | "Trial Docket Circuit Court of Pettis County, for the July adjourned term of 1871. Attorneys for plaintiff, C. & S. For defendant, Rathbun & Houston. |
| But the clerk entered on the court record a *special* judgment in favor of the plaintiff, for the amount of the verdict. | Case No. 17. |
| | C. Mockbee vs. Lexington & St. Louis Railroad Co. |

Lexington & St. Jo. R. R. Co. v. Mockbee.

ORDER OF COURT

Objections overruled, and judgment for defendant. Motion to set aside judgment and for new trial. Motion overruled, bill of exceptions tendered, signed and filed."

But the clerk entered the judgment on the court record as follows:

"Cuthbert Mockbee against the Lexington & St. Louis Railroad Company."

"Now at this day come the parties herein, by their attorneys, and the objections heretofore filed by the plaintiff to the report of the commissioners in this cause, by consent of parties, is taken up, and after being seen and heard by the court, is by the court overruled. It is therefore considered and adjudged by the court, that the plaintiff take nothing by his said action—that the defendant recover against the plaintiff her costs in this behalf, and that execution issue therefor."

On motion of the plaintiff to amend the judgment *nunc pro tunc*, the court amended the judgment, and made it a *general* one.

On motion of the Lexington & St. L. R. R. Co., the judgment was amended *nunc pro tunc*, as follows:

"The Lexington & St. Louis Railroad Company against Cuthbert Mockbee."

Now at this day come the parties hereto, by their attorneys, and it appearing to the court that the defendant herein, Cuthbert Mockbee, has heretofore refused and now refuses to grant plaintiff, the Lexington & St. Louis Railroad Company, the right of way for its railroad over and through the following real estate belonging to said Cuthbert Mockbee, and situated in Pettis County, Missouri, viz: The north half of the northeast quarter of section number twenty-three (23), and the south half of section number fourteen (14), and the south half of the northwest quarter of section number fourteen (14), all in township number forty-seven (47), range number twenty-two (22), and it

further appearing to the court that on January the 6th, 1869, John M. Sneed, S. R. Emery and C. C. Godman, disinterested citizens of said Pettis county, appointed commissioners by the judge of the court, after five days' due and legal notice to defendant, under the provisions of an act of the General Assembly of the State of Missouri, entitled "an act to incorporate the Lexington & St. Louis Railroad Company," approved December 9, 1859, to view the lands of Cuthbert Mockbee, hereinafter described, and report what damages, if any, would be done to the lands and the improvements thereon, by the construction of the Lexington & St. Louis Railroad over and through the same, did file their report, accompanied by a plat of the lands condemned, in the office of the clerk of this court, and by said report, the said commissioners say, after considering the value of the land, and the advantage and disadvantage of the road to the same, that no damage has been or will be done to said lands of defendant, or the improvements thereon, by the construction of said railroad over and through the same, and the said Cuthbert Mockbee having filed in the court his objections to said report within ten days after the filing of said report by consent of the parties hereto, the said report and objections are now taken up by the court, and being seen and examined, and the testimony having been heard, the court doth order and adjudge that said report of said commissioners be approved, and that said Cuthbert Mockbee be divested of the fee simple title in and to a strip of land one hundred feet in width over and through the lands hereinbefore described, as shown by the report and plat filed by said commissioners, and that the same

be vested in the Lexington & St. Louis Railroad Company; and it is further ordered that said company pay the cost of this proceeding."

Result in this court: Judgment reversed and cause remanded.

Result in this court: Judgment affirmed.

The case of Jones vs. Hart was pressed on our attention in the case at bar, as decisive of the lack of power in the lower court to make the amended entry *nunc pro tunc*. But that case has been passed *sub silentio* and with averted eye.

It would doubtless have been more satisfactory to the profession, and especially to the counsel who so confidently relied on it, had that case been discussed and overruled in *terms* as well as in *effect*. For in my humble opinion, if *this* case is law, *that* is not, and *vice versa*.