W. WIRT WITTEN, Respondent, v. JAMES H. ROBISON, Appellant.

Kansas City Court of Appeals, June 13, 1888.

JUDGMENT—ENTRY OF NUNC PRO TUNC—RULE IN THIS STATE—CASE ADJUDGED.—Under the established rule in force in this state (whatever the rule may be, on the subject, elsewhere), to justify the court in directing the entry of the judgment *nunc pro tunc*, it was essential for the records of the court to show two things: (1) That the court had rendered a judgment in this case at the October term, 1883 ; (2) that the judgment rendered was the judgment, the entry of which was asked to be directed. It is not necessary that the records of the court show, in order to enable it to direct a judgment *nunc pro tunc*, in express terms that such judgment had been rendered ; it is sufficient if the facts shown by the records are such as to reasonably carry conviction that the judgment was in fact rendered. *Held*, that the facts appearing of record, in this case, in connection with the fact that no other judgment was entered of record, justified the court in directing the entry, *nunc pro tunc*, asked for. (PHILIPS, P. J., dissents.)

APPEAL from Daviess Circuit Court, HON. CHAS. H. S. GOODMAN, Judge.

*Affirmed.*

Statement of case by the court.

This was an action for slander. The petition contained three counts. The court instructed the jury at the instance of the defendant to find for him as to the third count. The jury returned the following verdict, as shown by the records of the court:

" We the jury find for the plaintiff on the first count and assess the damages at one hundred dollars ; we the jury find for the plaintiff on the second count and assess the damages at four hundred dollars." The judge's docket contains the following entry in relation to the case :  " Jury verdict for plaintiff for five hundred dollars."

The trial was had at the October term, 1883. At the same term, in due time, the defendant filed motions for a new trial and in arrest of judgment, both of which were denied. He also filed his affidavit and bond for appeal, and his bill of exceptions. The appeal was granted, and the transcript of the record in the case was in due time filed in this court. No judgment, however, was entered in the case in the circuit court, and the defendant having discovered said fact dismissed the appeal taken by him to this court

The plaintiff, on the twelfth day of February, 1884, filed a motion in the circuit court in the case asking for a judgment *nunc pro tunc*, but withdrew it on the same day.

Afterwards on February 9, 1887, he filed in the circuit court in this case the following motion for a judgment *nunc pro tunc* and notice thereof :

"Comes now the plaintiff, and moves the court to make and enter an order amending its records in this cause, *nunc pro tunc*, so as to make it conform to the judgment and decree of this court, made at the trial of this cause at the October term, 1883, for the reasons following :

"1. Because at the October term of this court, 1883, the plaintiff herein recovered judgment for the sum of five hundred dollars against the said defendant, James H. Robison, and the clerk failed to enter or spread said judgment on the record.

"2. That the term of the clerk who kept the minutes of the court at said October term, 1883, has expired ; we, therefore, ask the court to order the present clerk to enter the said judgment *nunc pro tunc* that the former clerk should have entered."

The notice is as follows :

"You are hereby notified that at the February term, 1887, of the circuit court of the county of Daviess and state of Missouri, to be begun and held on the first Monday of February, 1887, at the courthouse in the town of Gallatin, in said Daviess county, and on the

first day of said term, or as soon thereafter as counsel can be heard, I, W. Wirt Witten, will file and ask the consideration of a motion asking the court to make and enter of record an order *nunc pro tunc*, amending the record in the above-entitled cause, so as to make it conform to the order of said court, made in said cause at the October term ·thereof, 1883, as the same appears in the minutes kept by the clerk and judge of the proceedings of said October term, 1883, which proposed amendment is to have the clerk enter of record a judgment herein for the sum of five hundred dollars, obtained by the plaintiff at said October term, 1883, and which said clerk failed and neglected to enter of record at that time."

The motion coming on for hearing, the defendant objected to the hearing thereof for the following reasons:

" Because said motion and notice are too indefinite and uncertain, and so failed to state what the amendment was as asked, and what was intended to be amended; that defendant had no notice of what the plaintiff asked for."

The objections were overruled and the hearing of the motion was proceeded with. The facts heretofore stated by us with reference to the verdict of the jury; the motions for new trial and in arrest of judgment; affidavit and bond for appeal, and allowance of appeal; and the bill of exceptions, were all made to appear from the records of the circuit court.

The former motion for a judgment *nunc pro tunc*, and its withdrawal, were also shown. And the following admission was made by the defendant: " It was here admitted by the defendant that the appeal heretofore taken in this cause had been dismissed by defendant in the appellate court on account of there being no final judgment in said cause, the mandate dismissing same being now on file in this court."

This was all the evidence.

The court rendered judgment on said· motion in

favor of plaintiff, and directed the clerk to enter, as having been entered at the October term, 1883, a judgment in the case in favor of the plaintiff in accordance with the verdict returned by the jury.

The defendant duly excepted to this action of the court, and filed his motions for new trial and in arrest of judgment. The motions being overruled, the defendant has in due form brought the case here.

ALLEN H. VORIES, for the appellant.

I. The court erred in rendering the judgment *nunc pro tunc*. The notice given by plaintiff to defendant, and the motion filed for said judgment, failed to set forth the respect in which the record was defective, and suggest the amendment with which he proposed to cure the defect. *Weed v. Weed*, 25 Conn. 337; *Means v. Means*, 42 Ill. 50; *Hill v. Bower*, 5 Wis. 386; Freeman on Judgments, sec. 72. The court erred in admitting any evidence on the part of plaintiff on his motion to correct said judgment. The notice claimed, "to make the record," "to conform to the minutes kept by the clerk and judge of the proceedings of said October term, 1883," when the proof offered was entirely and wholly different.

II. There was no record to amend by, made by either the judge or clerk of the court. When the court omits to render a judgment which it ought to have rendered, it has no power at a subsequent term to render it *nunc pro tunc*. The failure of the court is not a clerical misprision, and the record can be amended only by matter of record. Freeman on Judgments, secs. 70, 71; *Hyde v. Curling*, 10 Mo. 359; *Saxton v. Smith*, 50 Mo. 490; *Dunn v. Raley*, 58 Mo. 134; *Barlow v. Steel*, 65 Mo. 611; *Koch v. Railroad*, 77 Mo. 354; *Smith, Adm'r, v. Steel*, 81 Mo. 455; *Blize v. Castlio*, 8 Mo. App. 290.

III. The application of plaintiff was not made in time. The plaintiff had notice that no judgment had been rendered more than three years before this present application to amend was made, and filed a motion

therefor, which he voluntarily withdrew. Applications to correct clerical errors must be made promptly after their discovery, and then only in furtherance of justice, and on such terms as to protect the rights of all. Freeman on Judgments, sec. 72, 73; *Rogers v. Rogers*, 1 Paige Ch. 188, and authorities there cited; *Emery v. Whitehead*, 6 Mich. 491; *McCormick v. Wheeler*, 36 Ill. 114; *Perdue v. Bradshaw*, 18 Ga. 287; *McClanahan v. Smith*, 76 Mo. 428.

IV. The record in this case shows that defendant (supposing a final judgment had been rendered), in December, 1883, appealed the case to this court, where it was dismissed by appellant on account of there being no final judgment in said cause. If plaintiff, by waiting until the time had elapsed for appeal or writ of error, could deprive defendant of all remedy to correct the error of the trial court prior to the alleged amended judgment, then such delay would give him an unconscionable advantage over defendant, unless his laches destroyed his right to his judgment *nunc pro tunc.* Authorities *supra.*

V. From all which appellant contends that the court erred in rendering its judgment *nunc pro tunc.* Because it shows from the records that the court ordered no judgment rendered upon the verdict of the jury. Because there was no proper record evidence that any judgment had ever been ordered by the court, which the clerk failed to enter. Because plaintiff, by his delay, had forfeited all right to have any alleged judgment amended.

E. M. HARBER and R. A. DeBOLT, and WM. M. RUSH, for the respondent.

I. The respondent claims that the bill of exceptions filed by appellant at the October term, 1883, should be wholly disregarded in determining the appeal from the judgment *nunc pro tunc* taken in February, 1887, for the reasons: (1) That immediately after filing the transcript

in 1883 in this court, appellant dismissed his appeal.
(2) That, in dismissing his appeal, appellant lost all his
right to have the action of the trial court appealed from
in 1883, reviewed by this court on his appeal from the
judgment amending the record *nunc pro tunc* at the Feb-
ruary term, 1887.   (3) The appeal taken in 1887 did not
revive the appeal taken and dismissed in 1883, nor did the
former appeal revive the right lost by dismissing the
latter.   (4) The bill of exceptions filed in 1883 was not
read in evidence at the hearing in February, 1887, of the
motion of respondent to amend the record, consequently
ought not to have been incorporated in the bill of excep-
tions, filed in the appeal therefrom, and ought not to be
considered in determining said appeal.   (5) The record
shows that appellant knew that the clerk had failed to
enter and record the judgment of the circuit court ren-
dered at the October term, 1883, and, knowing of this
defect, if he desired to have his appeal heard, his rem-
edy was not in dismissing his appeal, but by having the
record amended *nunc pro tunc*, in conformity with the
judgment of the court.   (6) The effect of the record on
the parties thereto was the same  whether the judgment
of the court was entered or not.   Freeman on Judg-
ments, sec. 72a; *Emery v. Whitwell*, 6 Mich. 491.
(7) That the appeal from the judgment *nunc pro tunc* in
1887 was taken more than three years after the trial and
dismissal of the appeal of 1883.   A judgment cannot be
brought up on a writ of error after three years from the
date of its rendition, although it may have been cor-
rected *nunc pro tunc*.   *Railroad v. Mockbee*, 63 Mo.
350.   In this respect, appeals are on all-fours with writs
of error, except that appeals must be taken during the
term at which the judgment is rendered.   Rev. Stat.,
1879, sec. 3712, as amended in Laws of Mo., 1885, p.
215.

II.   The notice and motion of respondent for the
amendment of the record *nunc pro tunc*, sets forth
clearly in what respect the record was defective, and
specifically states the desired amendment.   The notice

states that "You are hereby notified that at the February term, 1887, of the circuit court of Daviess county, Missouri, on the first Monday of February, 1887, and on the first day of said term, or as soon thereafter as counsel can be heard, the respondent will file his motion asking the court to amend the record made in the cause at the October term, 1883, to make it conform to the record of the court," "which proposed amendment is to have the clerk enter of record a judgment herein for the sum of five hundred dollars, obtained by the plaintiff at said October term, 1883, and which said clerk failed to enter of record at the time." The motion states, "because at the October term, 1883, the plaintiff herein recovered judgment for the sum of five hundred dollars against the defendant James H. Robison, and the clerk failed to enter or spread said judgment on the record." The object and purpose of the notice is to give the party interested an opportunity to be heard on the motion. The record shows conclusively that he was present and urged his objections thereto. The notice fulfilled its office. The defendant had his day in court on the motion.

III. Where the clerk fails to enter up a judgment, the court may correct the matter and order proper entries at any time. *Turner v. Christy*, 50 Mo. 147, 148 ; *Sexton v. Smith*, 50 Mo. 490 ; *Gibson v. Chouteau*, 45 Mo. 171 ; *Railroad v. Mockbee*, 63 Mo. 348 ; Freeman on Judgments, secs. 70, 71. As between the parties to a judgment there is no time fixed by statutes within which entries *nunc pro tunc* must be made. *Koch v. Railroad*, 77 Mo. 355. Such entries and amendments may be made at any time, or subsequent term. *Turner v. Christy*, 50 Mo. 148 ; *Gibson v. Chouteau*, 45 Mo. 173 ; *Smith v. Steel*, 81 Mo. 455. The facts may appear of record, or by docket entries, or from the papers on file. *Sexton v. Smith*, 50 Mo. 491 ; *Gibson v. Chouteau*, *supra*. At the hearing of a motion to correct a judgment at a subsequent term, evidence competent in any

other investigation will be received.   Freeman on Judg., sec. 72.

IV.   The defendant appealed from the judgment rendered at the October term, 1883, and immediately thereafter dismissed his appeal.   This is evidence that he knew, and had notice of the defect in the record or omission of the clerk more than three years before the appeal of 1887 was granted.   And defendant admits that he had such notice.   If the record was imperfect or incomplete, he should, instead of dismissing his appeal, have suggested a diminution of the record, had it perfected and his appeal of 1883 heard on its merits.   It was defendant alone that was interested in having the action of the court reviewed.   He was the only party complaining of the record, his remedy was to take the necessary steps to have it corrected.   Failing in this he lost his right to be heard on the appeal.   Such corrections can be made while the appeal is pending in the appellate court, and the presumption is always in favor of the action of the court.   *Bank v. Allen,* 68 Mo. 475, 476.   Had he moved in the matter at the proper time, he would not be here now complaining of unconscionable advantages.   If plaintiff has gained any advantage whatever it has been by and through the laches of defendant in not seeking his remedy at the proper time or in the proper way.   It was optional with respondent to rest on the record as it stood, or have it perfected by the entry of the judgment.   There being no third party whose rights have intervened, and the matter resting between the original parties to the suit, amendments to the record by entries *nunc pro tunc* can be made at any time.   The appeal from the judgment of 1887 amending the record is all that is properly before this court, the appellant having lost his right to be heard on his former appeal by his voluntary dismissal.   Inasmuch as there was no error committed by the court in the trial of the original cause nor the amendment of the record and verdict of the jury, and the judgment being for the right party the judgment ought to be affirmed.

HALL, J.—The only matter which we can consider on this appeal is the action of the court below in rendering judgment on a motion for a judgment *nunc pro tunc*. The court ordered the entry of a judgment on the verdict in favor of plaintiff as of the term at which it should have been made. If in so ordering the court erred, the judgment entered should be reversed. But, on the other hand, if the action of the court in that respect was correct, we cannot consider the errors complained of during the trial of the case which resulted in the verdict, because the appeal from the judgment ordered and not entered was dismissed by the appellant, and is in no sense pending in this court. This appeal, now before us, is not an appeal from a judgment for the first time ordered by the court on the verdict returned by the jury, but is an appeal from the judgment of the court directing that the clerk enter the judgment on the verdict which was ordered by the court at the term during which the verdict was returned. In other words if the judgment of the court on the motion was correct, it is because the court rendered a judgment at the October term, 1883, on the verdict, which the clerk failed to enter; from the judgment so rendered and not entered the defendant took an appeal and dismissed it, and, hence, that appeal is no longer pending; this appeal is from the judgment of the court directing the entry of the judgment rendered, but not entered, at the October term, 1883, and, hence, on this appeal we can consider nothing but the action of the court in making such direction.

The question, therefore, is, did the court properly order the judgment *nunc pro tunc?*

The motion and notice are not open to the objection that they are indefinite and uncertain. They clearly stated that a judgment had been rendered in favor of plaintiff against defendant at the October term, 1883, for the sum of five hundred dollars, and that the clerk had failed to enter such judgment; and they clearly

stated that the amendment of the record sought was to have that judgment entered of record.

Under the established rule in force in this state, whatever the rule on the subject may be elsewhere, to justify the court in directing the entry of the judgment *nunc pro tunc*, it was essential for the records of the court to show two things : (1) that the court had rendered a judgment in this case at the October term, 1883 ; (2) that the judgment rendered was the judgment, the entry of which was directed. It is not necessary that the records of the court should show, in order to enable it to direct a judgment *nunc pro tunc*, in express terms that such judgment had been rendered. If the facts shown by the records are such as to reasonably and fairly carry conviction that the judgment was in fact rendered, that is sufficient.

In this case no judgment at all was entered. These facts appearing of record, viz., the verdict of the jury, the filing and overruling of the motions for new trial, and in arrest of judgment, were such as to necessarily and as a legal consequence result in the judgment directed *nunc pro tunc*. From these facts, in connection with the fact that no other judgment was entered of record, I think that it must be presumed that the court ordered the judgment which was their necessary consequence. *Railroad v. Mockbee*, 63 Mo. 350; *Jones v. Hart*, 60 Mo. 358, opinion of Sherwood, J.

Judgment affirmed. Ellison, J., concurs; Philips, P. J., dissents.