WOOLDRIDGE v. QUINN *et al.*, *Plaintiffs in Error.*

1.  **Judgment nunc pro tunc.**   The fact that a judgment is not such a one as the statute authorizes will not warrant the entering of a proper judgment, at a subsequent term, *nunc pro tunc.* This can never be done without proof that the judgment entered is not the one rendered by the court.

2.  **Replevin**: FORM OF JUDGMENT IN.   While a party to a replevin suit cannot be compelled to elect whether he will take the property or its value before the property has been delivered to the sheriff under the judgment of the court, yet, when he does so elect, after a verdict in his favor, the court may properly render a simple money judgment.   (Following *White v. Graves*, 68 Mo. 218.)

*Error to Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*L. H. Waters* for plaintiffs in error.

*Chas. Hammond* and *A. W. Mullins* for defendant in error.

HOUGH, J.—The plaintiff, Wooldridge brought an action in the circuit court of Chariton county, against Sidney Quinn, the defendant, to recover the possession of a stock of merchandise.   Quinn retained possession of the property, giving a bond therefor as provided by law.   At the November term, 1869, of said court, a trial was had and the jury returned a verdict that the plaintiff was entitled to the possession of the property sued for, and assessed its value at $788.50.   The following judgment was then entered of record:  "Thereupon plaintiff elected to take the value of the property so assessed.   It is, therefore, considered, ordered and adjudged by the court that plaintiff recover against said defendant, Sidney Quinn, and E. A. Holcomb, G. S. Quinn, M. R. Williams, Sarah B. Quinn, Robert H. Quinn, George Draper, G. M. Quinn, James W. Barnes and Thomas Ferguson, as his securities, the sum

of $788.50 for his debt and damages, with interest thereon at the rate of six per cent. per annum, together with all his costs by him about his suit in this behalf expended, and have execution therefor.'

At the May term, 1874, the plaintiff filed a motion to correct said judgment, for the reason that the judgment entered was not authorized by the statute, and that the court should have rendered judgment for a return of the property, or that defendant pay the assessed value thereof at plaintiff's election. On the hearing of this motion at the May term, 1876, the plaintiff read in evidence the minutes made by the clerk in the case, in which the verdict of the jury was followed by the entry, "plaintiff elects to take the money." The defendant introduced the clerk of the court, who testified that upon the rendition of the verdict, the plaintiff, in open court, elected to take the value of the property. The defendant also introduced testimony showing that Quinn was insolvent, and that the goods in controversy had long since been disposed of by him. Thereupon the court sustained the motion and rendered a judgment that the defendants return the property or that they pay the assessed value thereof, at plaintiff's election. The defendants excepted to this action of the court, and have brought the case here by writ of error.

The court erred in correcting its judgment. Undoubtedly, when the clerk fails to enter a judgment which has been rendered, " or enters up the wrong judgment," the court may, upon proper evidence of that fact, correct the error and order the proper entries to be made at any time. *Gibson v. Chouteau's Heirs*, 45 Mo. 171; *Priest, Admr., v. McMaster, Admr.*, 52 Mo. 60; *Fletcher v. Coombs*, 58 Mo. 430. But there was not a scintilla of testimony to show that the clerk had entered up the wrong judgment. It is the duty of the clerk to enter up the judgment which the court renders, no matter how erroneous or illegal that judgment may be. It is not for the clerk to note the errors of the court and correct them. Whenever the

1. JUDGMENT NUNC PRO TUNC.

clerk enters the judgment which the court has rendered, it cannot be said that he has entered up the wrong judgment, and the legal presumption is, that the clerk did his duty, and that the judgment entered by the clerk is the judgment which was rendered by the court. *Long v. Joplin Mining & Smelting Co.*, 68 Mo. 431; Freeman on Judgs., § 70; *Jones v. Hart*, 60 Mo. 351; *Rogers v. Bradford*, 8 Bush 164. The only competent evidence bearing upon the judgment entry which was offered by either party, was the entry in the minutes of the clerk, and by this entry it appeared that immediately upon the rendition of the verdict the plaintiff elected to take the money value of the property sued for. The judge's minutes were not offered in evidence. There is nothing, therefore, to overcome the legal presumption that the judgment entered was the judgment rendered by the court. On the contrary, the minutes of the clerk sustain the judgment as entered.

This judgment is not an erroneous one. It was expressly decided in *White v. Graves*, 68 Mo. 218, that while 2. REPLEVIN: form of judgment in. a party cannot be compelled to elect whether he will take the property or its value before the property has been delivered to the sheriff under the judgment of the court, yet, that when he does so elect, after a verdict in his favor, the court may properly render a simple money judgment in pursuance of such election. The judgment of the circuit court must, therefore, be reversed.