GAMBLE v. DAUGHERTY, *Plaintiff in Error.*

1. **Nunc pro tunc Entries**: MAY BE MADE PENDING WRIT OF ERROR: EVIDENCE. A *nunc pro tunc* entry of judgment relates to the date at which the judgment was rendered. Such an entry may be made pending a writ of error in the case; but no evidence will be received in support of a motion for such an entry other than the papers and files in the cause, or something of record, or in the minute book, or on the judge's docket.

2. **Death of Party**; REVIVOR OF SUIT. If one of the plaintiffs in an action dies, it is error to proceed to judgment without taking the statutory steps to bring in the successors in interest. R. S., § 3663.

3. **Ejectment.** A judgment in ejectment for the entire property is erroneous, when the plaintiff in his petition claims only an undivided interest.

4. **Pleading**: PRACTICE: CORRECTION OF DEED. If the pleadings contain no prayer for the correction of a deed, it is not competent for the court to order a correction to be made.

*Error to Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

This was an action of ejectment in the ordinary form, brought by Martha J. Gamble and Permelia J. Leonard and Thomas Leonard, her husband. Before the trial,

Martha J. Gamble died. No steps were taken to bring in her successors in interest. At the April term, 1874, and on the 23rd of that month, the cause was tried, and the minute book of the clerk for that term shows the following entry:

"*Gamble et al., v. Daugherty.* Judgment for surviving plaintiff for lands sued for, and one cent damages. Writ of possession. Mistake in deed corrected."

And on the record book for that term appeared the following entry:

"*Martha J. Gamble, plaintiff, v. George Daugherty.*"

Following this was a blank space, as though left to insert an entry showing a trial, judgment or some action of the court in the premises; but this blank space was never filled. The present writ of error bears date April 3rd, 1877.

On the 12th of April, 1877, the defendant filed his motion, suggesting to the court that a final judgment had been entered against him in the cause, but that the clerk had failed to enter the same upon record; that defendant felt himself aggrieved by said judgment, and desired to take the cause to the Supreme Court for review, and to that end had obtained a writ of error, and praying that an entry of the judgment as rendered might then be made as of the 23d of April, 1874. This motion coming on to be heard at the July term, 1877, the defendant, in support of it, read in evidence the pleadings in the case and the foregoing entries in the minute and record books, and exhibited the blank space in the record book. He also offered parol evidence to show what deed was referred to in the entry on the minute book and what the mistake intended to be corrected was; but, on plaintiff's objection, this evidence was excluded. The court thereupon overruled so much of defendant's motion as sought to have the judgment specify what deed and what mistake were intended to be corrected, and sustained the remainder of the motion, and caused the

following *nunc pro tunc* entry to be made, (omitting the title of the cause):

Now, at this day, come the parties to the above entitled cause, and neither party requiring a jury, the same is submitted to the court for trial, whereupon the court, having heard all the evidence offered on both sides, doth find the issues for the surviving plaintiffs. It is, therefore, considered by the court that the said surviving plaintiffs have and recover from the defendant the possession of the land sued for, to wit: The west half of the northeast quarter of section No. 22, in township No. 53, of range No. 22, in Carroll county, Missouri, together with one cent damages for the unlawful detention thereof, and that said surviving plaintiffs have execution thereof, by writ of possession; and it is further ordered and adjudged by the court that the mistake in deed be, and the same is, hereby corrected, and the residue of said motion is overruled.

*R. D. Ray* for plaintiff in error.

*Hale & Eads* for defendant in error.

SHERWOOD, C. J.—1. The writ of error was sued out in time, as the judgment was rendered April 23d, 1874, and the writ issued April 3rd, 1877.

2. The judgment, when entered from the minute book of the clerk and the papers and files in the cause, related to the date of the brief memorandum made by the clerk; but any other evidence than the papers and files in the cause, or something of record, or in the minute book, or on the judge's docket, could not be received as constituting a basis to amend by. Although oral evidence is received by the courts of some States, for the purpose mentioned, this court has constantly refused to admit it, and we will not now depart from our uniform line of decisions. And it was perfectly competent, notwithstanding the pendency of the writ of error, for the court below to proceed to amend its judgment in accordance with the rule and

from the sources just announced. This court at one time, as, for instance, in *Ladd v. Couzins*, 35 Mo. 513, held a different doctrine, but subsequent decisions assert that entries *nunc pro tunc* can be made pending an appeal or writ of error, as, in contemplation of law, the entry finally made by order of the court was originally ordered to be entered, but was omitted through neglect or inadvertence.

3. If it be true, as alleged, that the death of Martha J. Gamble was suggested, (though no suggestion of the sort appears in the record,) it was clearly improper to allow the cause to proceed without taking the statutory steps to bring in her successors in interest. R. S. 1879, § 3663, *et seq.* The record, however, shows that one, at least, of the plaintiffs had died, and if so, it was manifestly improper as above seen to proceed without bringing in the proper party or parties. The petition shows that Martha J. Gamble owned three-quarters of the land sued for, and the wife of Thomas Leonard, one-quarter, so that if either Martha J. Gamble, or Mrs. Leonard had died prior to December 2nd, 1873, a judgment at the April term, 1874, for the recovery of the whole land, was clearly erroneous.

4. There is yet another ground upon which the judgment is erroneous. It professes to correct a mistake in a deed, presumably for the land in suit. None of the pleadings had requested such correction to be made, and it was not proper for the court to attempt to make such correction, and it is quite evident that the correction referred to was not "inadvertently made," since similar words are employed in the minute book of the clerk, and then, after the attention of the court had been especially called to the matter of the *nunc pro tunc* entry, we find the error repeated; we cannot, therefore, reject those words in relation to the correction of the deed as surplusage. For the errors mentioned, the judgment will be reversed and the cause remanded. All concur.