EVIDENCE: item- ized account: waiver.

BOHM BROTHERS & COMPANY, Appellants, J. M. STIVERS, Defendant; IONA A. BURNS, Interpleader.

Kansas City Court of Appeals, May 2, 1898.

Judgments: NUNC PRO TUNC ENTRY: EVIDENCE: PRESUMPTION. Evi_ dence authorizing the entry of a judgment *nunc pro tunc* must be gathered from the record, and an erroneous judgment can not be corrected by such proceeding as its object is to enter the judgment which the court actually rendered; and the presumption is that the judgment entered is the judgment rendered until overcome by proper testimony, and it can not be assumed that the court entered the proper judgment because it ought to have done so. And in this case the evidence fails to overcome the presumption.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED.

LESLIE OREAR for appellant.

(1)    A judgment of a court of record can only be amended *nunc pro tunc* in those cases where a mistake

or clerical misprision appears from the record of the proceedings in which the entry of judgment is made. Black, Judgments, sec. 132 and cases cited; Jones v. Hart, 60 Mo. 351, at p. 355; Wooldridge v. Quinn, 70 Mo. 370. (2) After the expiration of a term at which a judgment was rendered, it is out of the power of the court to amend it in any matter of substance or in any matter affecting the merits. Black on Judgments, sec. 154, and cases cited. The effect of the last judgment given by the lower court was to render a new judgment and not to correct a clerical misprision. This was prejudicial error. Black on Judgments, sec. 158; Turner v. Christy, 50 Mo. 145; Freeman on Judgments, sec. 70; Sowers v. Ingram, 74 Mo. 194; Belkin v. Rhodes, 76 Mo. 643–651; Hall v. Lane, 123 Mo. 633; Wooldridge v. Quinn, *supra.* (3) There is no prescribed form of judgment in these cases. The judgment which was entered by the court is such as might properly be entered. An inspection of the pleadings shows that it was the only judgment that could properly be entered within the pleadings. 2 Black on Judgments, sec. 800; Orvis v. Elliott, 65 Mo. App. 96.

DAVIS & DUGGINS and HERIDER & HERIDER for respondent.

(1) The verdict was responsive to the issue. Beck v. Wisely, 63 Mo. App. 239. And upon the rendition of said verdict the interpleader was entitled to a judgment for the fund in the custody of the sheriff. Engine & Thresher Co. v. Glazier, 55 Mo. App. 95. The interpleader was entitled to a judgment in the form in which the *nunc pro tunc* judgment was entered. Hat Co. v. Hombs, 127 Mo. 492; Allen v. Sales, 56 Mo. 28. (2) If the clerk fails to enter

judgment or enters up the wrong judgment, the court may correct the error and order the proper entries to be made at another term. Bilkin v. Rhodes, 76 Mo. 643; R. R. v. Mockbee, 63 Mo. 348. (3) There is no question in this case as to entering a different judgment from that which the court intended to enter. The record entries clearly show that the court intended to render a judgment in favor of the interpleader and attempted to do so, but the clerk failed to enter up said judgment. The entry of judgment for costs was not a compliance with the law, it does not go far enough. It fails to give the interpleader the funds in the hands of the sheriff, which was the sole object of the suit. The court could have been compelled by *mandamus* to render judgment on the verdict, and whatever the court may be forced to do, it has the right to do on motion. R. R. v. Mockbee, 63 Mo. 348; see, also, dissenting opinion of Sherwood, J., in Jones v. Hart, 60 Mo. 351, 358. (4) The case of Wooldridge v. Quinn, 70 Mo. 371, so confidently relied on by plaintiff's counsel, is not at variance with the views above expressed. On the contrary it is a strong authority in favor of our position.

ELLISON, J.—Plaintiff's sued defendant in attachment. Interpleader filed her interplea claiming the attached property. The property had been converted

STATEMENT.

into money by order of the court and was in the hands of the sheriff. On trial of the interplea the interpleader obtained the verdict of the jury. Afterward, at a succeeding term of the court, the interpleader filed the present motion for a *nunc pro tunc* judgment and the court sustained the motion. Plaintiffs appeal.

The sole question is on the sufficiency of the evidence to sustain the action of the court. That evidence

consisted of the records, and the material parts of it were as follows, viz.: The petition; affidavit and bond; the writ of attachment and sheriff's return, an order of sale of the attached property; and the sheriff's return showing amount realized; the interplea filed by interpleader, together with the answer and reply. The following entries in the clerk's minutes or docket were read:

"JUNE TERM, 1895.

"Docket p. 218   No. 121
Bohm Bros.
—vs—
J. M. Stivers, Dft. &
Iona A. Burns, Interpleader.

25 Interpleader files general denial and cause taken up. Jury called.
26 (See record.)
26 Trial resumed. Verdict for interpleader.
27 Plff. file motion for new trial. Motion heard and overruled. Plff. excepts."

Then the following from the record proper:
"Bohm Bros, Plaintiff,

vs.

"Iona A. Burns, Interpleader.

"Now again come the parties hereto and the jury being called and all found to be present the trial hereof is resumed. And after the introduction of testimony, instructions of the court and argument by the counsel, the jury retire and return the following verdict, to wit:

" 'We, the jury, find the issues for the interpleader, Iona A. Burns, June 26th, 1895.

" 'L. H. TUCKER, Foreman.'

"It is therefore considered, ordered and adjudged by the court that the plaintiffs take nothing by the trial of the interpleader herein, and that Iona A. Burns as such interpleader recover of plaintiffs the costs herein and that execution issue therefor."

The court, as before stated, sustained the motion for judgment *nunc pro tunc* and entered the following judgment:

"Joseph Bohm and Samuel Fleishman
composing firm of Bohm Brothers
and Company, Plaintiffs,
vs.
"J. W. Stivers, Defendant,
"Iona A. Burns, Interpleader.

"Now again come the parties hereto and the jury being called and all found to be present the trial hereof is resumed. And after the introduction of testimony, instructions of the court and argument by the counsel, the jury retire and return the following verdict, to wit:

" 'We, the jury, find the issues for the interpleader, Iona A. Burns, June 26th, 1895.

" 'L. H. TUCKER, Foreman.' ·

"It is therefore considered, ordered and adjudged by the court that Iona A. Burns, the interpleader, was the owner and entitled to the possession of all the property described in the interplea at the date of the levy and seizure of same by the sheriff, under the writ of attachment issued in this case and the filing of her interplea herein, and that she have and recover the proceeds arising from the sale of the goods by the sheriff, and that the sheriff be ordered to pay the same over to the interpleader, and that the interpleader recover of the plaintiffs her costs in this behalf expended, and have execution therefor. It is further ordered and adjudged that plaintiffs pay the costs of this motion and that execution issue therefor."

The rule in regard to *nunc pro tunc* judgments is that the evidence upon which their entry is based must be gathered from the record of what was done and not from the recollection of the judge, or what ought to have been done. If there was no judgment rendered at the term, it can not be rendered *nunc pro tunc* simply for the reason that it ought to have been

JUDGMENTS:
nunc pro tunc
entry: evidence:
presumption.

rendered at the term. And if an improper or erroneous judgment is rendered it can not be corrected after the term by a *nunc pro tunc* entry. The object of the *nunc pro tunc* entry is to enter the judgment which the court has actually rendered and not to correct error of judgment.

The supreme court has frequently held that the judgment entered by the clerk is presumed to be the judgment directed by the court and that this presumption must be overcome by proper record evidence of a different judgment actually rendered by the court. Wooldridge v. Quinn, 70 Mo. 370; Jones v. Hart, 60 Mo. 354.

In this case there was nothing shown from the judge's docket. And the only evidence of practical importance is the clerk's minutes together with the entry of judgment. There is nothing in these to show us that the original entry by the clerk is not the actual judgment rendered by the court. Presumably, as before stated, it is, and that presumption must be overcome by evidence. There is none whatever unless we are to assume the court *actually* rendered the proper judgment for the reason that it *ought* to have done so. We can not make such presumption. We must presume the court did what the record shows and nothing different. If we were at liberty to presume the court rendered a proper judgment simply for the reason that it ought to have rendered it, parties would not be put to the trouble of evidence at all in *nunc pro tunc* proceedings—they would merely need to show what the law warranted in being done and then have it done.

All concur in a reversal and it is so ordered.