I. N. PAGE et al., Respondents, v. D. F. CHAPIN, Appellant.

### Kansas City Court of Appeals, April 24, 1899.

Judgments: NUNC PRO TUNC ENTRY: RECORD: MEMORANDA. A petition contained two counts; one asking for a personal judgment and the other for the enforcement of an equitable lien. The minute entries of the clerk and the judge were "judgment as per decree," etc. No judgment or decree was entered. At the subsequent term the court *nunc pro tunc* entered a decree enforcing a lien. Held, error, since a *nunc pro tunc* entry must be treated as erroneous and void unless it contains the identical judgment which the court at the former term rendered, and conforms to the record memoranda of the judge's and clerk's minutes, etc.

*Appeal from the Livingston Circuit Court.*—HON. J. W. ALEXANDER, Special Judge.

REVERSED AND REMANDED.

LEWIS A. CHAPMAN for appellant.

The special judge committed error in sustaining the motion to enter judgment *nunc pro tunc,* and in ordering the clerk to enter up such a *nunc pro tunc* judgment, as he did. To authorize such change, such entries can not be made from outside evidence, or from facts existing alone in the breast of the judge, after the term at which final judgment is entered. Gamble v. Daugherty, 71 Mo. 599; Saxton v. Smith, 50 Mo.

490; Bohm Bros. & Co. v. Stivers, 75 Mo. App. 291, 296.
The presumption is that what is entered in the minute book
of the clerk is correct, and the judgment of the court, and not
an error of the clerk. Railroad v. Holschlag, 144 Mo. 253;
Jones v. Hart, 60 Mo. 351; State ex rel. v. Harper, 56 Mo.
App. 614; Wooldridge v. Quinn, 70 Mo. 372; Belkin v.
Rhodes, 76 Mo. 643; Freeman on Judgments, sec. 70.

JOHN E. WAIT, E. R. SHEETZ and FRANK SHEETZ for
respondents.

The decree was properly entered. The minutes of the
judge's docket showed the following entry: "Judgment for
plaintiff as per decree for $362.35 with 6 per cent interest."
The minutes of the clerk at the same term showed the follow-
ing entry: "Tried by the court and judgment for plaintiff
as per decree." This decree could have been filed and spread
of record at any time. Freeman on Jud. [4 Ed.], secs. 61,
62, 63; citing Wight Petitioner, 134 U. S. 136.

GILL, J.—Plaintiffs sued the defendant for half the cost
of a party wall. The parties own adjoining lots in Chillicothe.
Plaintiffs built the wall on the division line and defendant paid
half the cost. But on account of faulty construction or other-
wise, the wall became defective and unsafe and plaintiffs took
it down and rebuilt it at a cost of $724.70. Plaintiffs claimed
that under a contract existing between the
STATEMENT.     parties, defendant was not only bound to pay
half the original cost (and which he paid) but
was also liable for one half the cost of reconstruction. De-
fendant denied this, and hence this suit, which, being tried
before a special judge, resulted in a judgment in plaintiffs'
favor and defendant appealed.

The case was tried at the May term, 1897, of the Living-
ston circuit court, and the special judge apparently directed
the entry of some kind of a judgment for plaintiffs. The
only entry however relating to a judgment appearing in the

record brought here and filed September 7, 1898, was: "Tried by the court and judgment for plaintiffs as per decree." However at the January term, 1899, of the Livingston circuit court the special judge, on the plaintiffs' motion, ordered the entry of a *nunc pro tunc* judgment, wherein it was in effect recited, that the wall was a party wall, built jointly by plaintiffs and defendant; that without the fault of either party it became defective and unsafe; that it became necessary to rebuild same, and that plaintiffs did reconstruct the wall at the reasonable cost of $724.70; that defendant thereafter used the same as part of a building erected by him; that the undivided one-half of said wall belonged to each of said parties, and that defendant's one-half of said wall should be subjected to a lien in plaintiffs' favor for one-half the cost of rebuilding. And it was thereupon "ordered, adjudged and decreed by the court, that plaintiffs recover of the defendant the one half cost of rebuilding said wall, to wit, the sum of $362.35, and the same be and is hereby declared a lien on defendant's undivided one-half interest in said wall, and on failure of defendant to pay said sum in sixty days, that defendant's one-half interest in said wall be sold to satisfy said lien, and that plaintiffs recover of defendant their costs," etc.

Defendant objected to this *nunc pro tunc* judgment and properly saved his exceptions.

I. Under the only proper and legal evidence introduced on plaintiffs' motion for judgment *nunc pro tunc,* the court was not authorized in making the entry above quoted. There was nothing in the minutes kept by the judge or clerk, or in other records or papers of the case, that indicated that the court rendered such a judgment at the trial. It is the well established doctrine of this state, that *nunc pro tunc* judgments entered after the term at which final judgment is rendered, must conform to the record, docket memoranda, minutes of the judge or clerk, or other papers in the case

made or existing at the term when the case was decided. As said in a leading case, Saxton v. Smith, 50 Mo. 490: "During the progress of a cause and before final judgment, or after final judgment during the same term, *nunc pro tunc* entries may be made in furtherance of justice to conform the entries to the truth. But after the end of the term at which a final judgment is rendered no entry can be made altering the form of the judgment unless the facts appear of record, or on the minutes or the dockets of the court, or from the papers on file, to authorize such change. Such entries can not be made from outside evidence, or from facts existing alone in the breast of the judge, after the end of the term at which the final judgment was rendered." See, also: Jones v. Hart, 60 Mo. 351; Wooldridge v. Quinn, 70 Mo. 370; Gamble v. Daugherty, 71 Mo. 599; Belkin v. Rhodes, 76 Mo. 643; Railway v. Holschlag, 144 Mo. 253; Bohm v. Stivers, 75 Mo. App. 291.

These, and other cases that might be cited, sustain the assertion that judgments entered *nunc pro tunc* after the term they are rendered must be based alone on the records, docket minutes or files of the case. And if these do not, *of themselves,* show that the *nunc pro tunc* entry is the identical judgment which the court at a former term rendered, but which was not entered by the clerk, then such *nunc pro tunc* judgment must be treated as erroneous and void. In this case the only documentary evidence of any conseqeunce on which the trial judge had to act on the motion for a *nunc pro tunc* judgment was the entry in the clerk's minute book for the May term, 1897, to wit: "Tried by the court and judgment for plaintiffs as per decree," and a further entry or memorandum appearing on the judge's docket: "Judgment for plaintiffs as per decree for $362.35 with 6 per cent interest." No "decree" was prepared or furnished to the clerk and hence the words "as per decree" indicate nothing. Now while these docket entries may have justified the court in entering a mere

personal judgment against defendant for $362.35 bearing six per cent interest, they certainly did not authorize the court in entering the judgment it did nearly two years after the original rendition of the judgment.    The judgment indicated by the judge's docket memorandum and the clerk's minutes was at most an ordinary personal judgment against defendant, nothing more; while the judgment entered *nunc pro tunc* several terms thereafter, established and provided for the enforcement of a specific lien against defendant's property. The petition in the original case contained two counts, one seeking a mere personal judgment against defendant, the other asking the enforcement of an equitable lien, but the record, the judge's or the clerk's minutes, do not show on which of these the court intended to render judgment.    The inference however is that the court meant to render a mere personal judgment and that it was not the intention to render a judgment declaring and enforcing a lien.

It is manifest that in entering the *nunc pro tunc* judgment the trial judge drew on his memory for a basis of action, or at the time determined what kind of a judgment he *ought* to have rendered.    But he had no right to act from memory or on his judgment as to what was the proper judgment to enter.    After the term at which the judgment was rendered the court, it is assumed, had no memory in relation to the matter.    It was "within the breast of the court" during the judgment term, but not afterwards.    And when passing on the motion for the *nunc pro tunc* order the question was not as to the correct judgment to enter, *but what was the judgment the court rendered at the time of the trial.*

In the light of the foregoing then the judgment must be reversed and the cause remanded.    All concur.