F. M. WILLIAMS, Assignee, etc., Defendant in Error, v. LEDRU SILVEY et al., Defendants; T. H. WALTON, Plaintiff in Error.

### Kansas City Court of Appeals, April 30, 1900.

1. **Trial Practice: NUNC PRO TUNC ENTRY: EVIDENCE.** During the term, the court of its own recollection, may amend its record by an entry *nunc pro tunc;* and such entry may be made at a subsequent term if based upon the judge's docket, clerk's minutes, or some paper on file in the cause.

2. ————: ————: ————: ————. The power to amend by a *nunc pro tunc* entry does not authorize the entry of an order which ought to have been made, but only those which were made, and parol evidence can not be received to authorize such entry nor can it be based, if made at a subsequent term, upon the knowledge or recollection of the judge himself.

3. ————: ————: ————: MOTION: EVIDENCE: APPELLATE AND TRIAL PRACTICE. The mere fact that there is variance between the amount which the motion praying a *nunc pro tunc* entry alleges and the judgment, as in fact rendered, contains, and the amount which the court finds said judgment does in fact contain, will not reverse the court's order amending the record in accordance with its finding.

VOL. 84 app—28

4. **Trial Practice: NUNC PRO TUNC ENTRY: EXPUNGING JUDG-
MENT.** A *nunc pro tunc* entry takes the place of the judgment
amended and the latter need not be expunged from the record.

5. **Judgments: NUNC PRO TUNC AMENDMENT: EVIDENCE:
AMOUNT.** The evidence relating to the *nunc pro tunc* amendment
of a judgment is reviewed and found to support the finding of the
trial court that there had been a judgment pronounced for the plain-
tiff, but leaves in doubt the correctness of the trial court's finding
as to the amount of the judgment so pronounced.

Error to the Chariton Circuit Court.—*Hon. John P. Butler,*
Judge.

REVERSED AND REMANDED (*with directions*).

*Crawley & Son* for plaintiff in error.

(1)    The doctrine that entries *nunc pro tunc* can not
be made upon parol testimony, is elemental.    But giving
the fullest weight to the affidavits and oral statements made
upon the hearing of the motion to amend, the utmost that can
be gleaned from them is that the trial judge found against
defendant Walton upon both counts of the petition—"for
the amount of notes and interest sued on," which is simply a
variation of the language used in the instruction given for
plaintiff, viz.: "for the balance due on both notes." From
none of the evidence is it possible to determine how the
court designed that the "balance due" on said notes should
be ascertained: whether according to the petition, computing
interest straight through at ten per cent compound; or ac-
cording to the more reasonable and just method of counting
interest and applying credits, which, from the indorsements
on the notes, appears to have been adopted by the parties
themselves.    Either of these methods might have been
adopted by Judge Rucker, but in the absence of proof as to
which method was adopted by him, there can be no amend-
ment of his judgment, because there was no judgment.    A

judgment is the final adjudication of a matter. (2) The sole question raised upon a motion of this character is, does the record truly express what was done by the court? If it does, that is the end of the matter; regardless of what the court might have done, or ought to have done. If the record does not truly express what was done by the court, then, after the lapse of the term, a correction can only be made upon data furnished by the minutes of the judge, the entries of the clerk, or some paper filed in the cause. If these leave the matter in doubt, there can be no *nunc pro tunc* amendment. Belkin v. Rhodes, 76 Mo. 643; Gamble v. Daugherty, 71 Mo. 599; State v. Jeffors, 64 Mo. 376. And where the entries actually made are the entries ordered to be made, the motion must fail. Dunn v. Raley, 58 Mo. 134. (3) Here the entry *nunc pro tunc* is unsupported by the motion upon which it professes to be based. The motion declares that the amount actually adjudged and the amendment proper to be made against defendant Walton, was for $2,336.47. The office of said motion was to specifically point out the omission complained of, and to inform the court of the true amendment to be directed. Upon the hearing of a motion shown to be wrong in these particulars, nothing remains either to invite or justify any amendment whatever. Witten v. Robison, 31 Mo. App. 525.

*C. C. Hammond* and *A. W. Johnson* for defendant in error.

(1) The right of correcting errors and supplying omissions in the entry of judgment by *nunc pro tunc* orders, is a well established doctrine in this state, and where there is enough in the record, entry on the judges' docket, minutes of the clerk, or any paper filed in the case to amend by, the motion will be sustained. The petition, notes sued on, instruction of the court, entry on the judge's docket, and min-

utes of the clerk, in this case, all point as unerringly to the judgment rendered by the court, as the needle to the pole— i. e., judgments against defendant Walton, on both counts in the petition "for the amount of the notes and interest sued on." (2) From the rule established by the highest court in this state, there can be no speculation as to the method adopted by Judge Rucker in computing the interest on the notes, which added to the principal formed the "amounts" to be ascertained. In the absence of evidence to the contrary, the presumption is conclusive that the court adopted the "legal rule." Every presumption is indulged in favor of the regularity and validity of a judgment. Bearden v. Miller, 54 Mo. App. 199. (3) All that is necessary in this case in order to justify the court in directing the entry of a judgment *nunc pro tunc* is for the record of the court to show two things: (1) that the court had rendered a judgment in the case at the July adjourned term August 20, 1896; (2) that the judgment rendered was the judgment, the entry of which was directed. Witten v. Robison, 31 Mo. App. 525. On the question, does the record truly express what was done by the court, we call attention to the petition, the notes sued on, instruction given in behalf of plaintiff Williams and against defendant Walton, the entry on the judge's docket and minutes of the clerk, which show beyond question all that was necessary to amend by, and when explained by the affidavits filed in support of the motion, become absolutely conclusive.

SMITH, P. J.—The present writ of error is to try a judgment entered by the circuit court at the January term thereof, 1899, as of the July adjourned term (August 20th), 1896.

Williams assignee for benefit of creditors of the bank of Salisbury, sued Silvey, Walton and Finks, as joint makers,

for balances alleged to be due said bank on two promissory notes hereinafter set forth. Silvey pleaded a release. Walton pleaded uncredited payments. Finks made default. Issue having been joined by replication to each of said answers the cause was tried before Judge Rucker and a jury, on the twentieth of August, 1896.

After the evidence was in, it was agreed by counsel, as a matter of accommodation to Mr. Kinley, who desired to return to his home in Kansas City, that the jury should be discharged and the cause submitted to the court, who should take the same under advisement, and, after passing upon instructions and hearing arguments, should thereafter render a finding or verdict as of the date of the trial, to be taken and accepted as and for the verdict of the jury. By directions of the judge the clerk left spaces in his record of that date—August 20, 1896—to be thereafter supplied with such orders as the court should direct.

Thus the record stood until the January term, 1897, at which term (the cause having meanwhile been argued at Keytesville, in vacation), the judge announced from the bench his finding against the plaintiff and in favor of Silvey on both counts of the petition, and in favor of plaintiff and against Walton on both counts, "for the amount of notes and interest sued on." A form of finding or verdict prepared by Mr. Kinley, attorney for defendant Silvey, was then signed by the judge and by him handed down to the clerk, with a request or direction to Mr. C. C. Hammond, attorney for plaintiff, to compute the amount due on the two notes and furnish the same to the clerk for insertion in the blank spaces left for that purpose in said form of verdict, and in the record. It was then agreed that Mr. Kinley should prepare and furnish the clerk, in vacation, an appropriate form of judgment, to be copied by the clerk into the record. Matters stood in this situation for a year or more, when the clerk

received the form of judgment from Mr. Kinley, which he entered in the record.

Afterwards, attorney for plaintiff furnished the clerk with a calculation of the balance supposed to be due upon each of the two notes in question, with interest to the twentieth of August, 1896, to wit: $1,420.91 as the balance then due upon one note, and $915.56 as the balance then due on the other note, amounting in all to $2,336.47. Accepting these as the correct figures the clerk wrote the same into his record in vacation; whereby the judgment was completed. The aggregate amount so inserted in said judgment exceeds by one thousand dollars any finding Judge Rucker could possibly have made under the pleadings and evidence before him.

On January 14, 1899, plaintiff filed his motion to amend the judgment in said cause *nunc pro tunc*, in which it was alleged that at the July term, 1896, plaintiff recovered judgment against defendant Walton on two promissory notes, one for $2,080 and the other for $2,100, dated respectively March 29, 1888, and Sept. 1, 1890, each due one day after date bearing ten per cent per annum, to be compounded annually. It was further alleged in said motion that on August 20, 1896, the cause coming on to be heard by agreement of parties the court discharged the jury and the cause was submitted to the court, and after duly considering the matter it found the issues against defendant Walton on each count of the petition in the sum of ———— dollars; that the court by agreement of parties and with the consent of the jury signed the name of one of the jurors as foreman to the verdict; that a judgment was entered in accordance with the verdict, leaving the amount thereof blank; that at the time of making such verdict in the name of the jury the court directed attorneys for plaintiff to calculate the amounts due on the notes described in plaintiff's petition and to furnish the clerk with the amount due on each of said notes, to be

by him inserted at the proper place in the verdict rendered by the court and also in the judgment before the word "dollars" where preceded by the blank space in the finding of the court rendered as the verdict of the jury, which direction of the court was authorized and agreed to by all parties to the suit and such calculation and all orders necessary in said cause should be made thereafter in vacation. ' That by mistake or omission said calculation on said notes was not made and entered on the judge's docket or in the minutes of the clerk, but remained blank. Wherefore plaintiff moves the court for a *nunc pro tunc* order correcting the finding and judgment of the court by inserting before the word "dollars" in the finding on the first count of plaintiff's petition the words fourteen hundred and twenty and 91-100 and in the finding on the second count before the word "dollars" nine hundred fifteen and 56-100 and in the judgment by inserting before the word "dollars" two thousand three hundred and thirty-six and 47-100.

Upon the hearing of the motion on January 18, 1899, the plaintiff gave in evidence, the original petition and the notes attached thereto with indorsements thereon, answer of defendant to action, instructions given for plaintiff, directing a finding for plaintiff on both counts of the petition for the balance due on said notes, the verdict with amount thereof in blank, the judgment for blank amount, entry made on judge's docket which read "Trial by jury and verdict against defendant Walton for ———————— on first count and for ——————— on second count;" and that the entry in the clerk's minutes was to the same effect. This record evidence over the objections of defendant was supplemented by the affidavits of the judge (Rucker) who tried the case and made the finding already referred to, the clerk of the court who made the said entry on his minutes and that of the attorneys previously referred to, which tended to sustain the allegations in respect to the parol orders of the court

made with the consent of the parties at the time its finding in blank was announced.

The motion was not heard by Judge Rucker but by his successor in office. On January 18, 1899, the motion was sustained and an entry *nunc pro tunc* was ordered, in which it was recited that on August 20, 1896, the court found and directed a judgment for plaintiff on the first count of the petition for $340.33 and on the second for $915.56 and for the aggregate amount of $1,255.89. "It was further considered and adjudged that the judgment so entered as aforesaid be corrected and reformed at this time in manner and form as the same should have been entered of date of August 20, 1896, so that when reformed the same shall read as follows"—then follows, to wit (omitting title of case): "On this day coming on to be heard, parties answer ready for trial and come the following jury (naming them) who were duly sworn and returned into open court with following verdict: 'We, the jury, find the issues on the first count of plaintiff's petition against defendant Walton for $340.33 and on the second for $915.56.'" The judgment followed the verdict.

The defendant filed his motion to set aside the entry of judgment *nunc pro tunc*, which being overruled brings the case here by writ of error.

Where, during the progress of the trial of a cause, something is done which ought to go upon the record, or where the court makes an order, or pronounces a judgment, and the clerk fails to enter the same on the record, it is competent for the court during the term from its own recollection to correct or amend its record by an entry *nunc pro tunc* so as to make the same correctly express what was done or ordered by it in the first instance. And though it may order such entry *nunc pro tunc* to be made at a subsequent term, such order must be based upon the judge's entries on his docket, or those of the clerk on his minutes, or upon some

paper on file in the case. Dunn v. Raley, 58 Mo. 134; Belkin v. Rhodes, 76 Mo. 643; Gamble v. Daugherty, 71 Mo. 599; State v. Jeffors, 64 Mo. 376; Railway v. Holschlag, 144 Mo. 253; Page v. Chapin, 80 Mo. App. 159. The power to make an entry *nunc pro tunc* in a cause after the end of the term does not authorize the entry of an order which ought to have been made, but only those which were actually made, the evidence of which is preserved by some minute made or paper filed at the time. Parol evidence can not be received to authorize such an entry, for to do so would be to allow such entries to be made on facts resting on the mere memory of the witnesses, and their statements of what occurred would be to establish a rule which would lead to the utmost confusion and uncertainty. Nor can such an entry be made after the end of the term upon the knowledge or recollection of the judge himself. During the term which, in legal contemplation, is but a single day, everything is in *fieri*, and during that time the judge of his own knowledge may enter any judgment which has been pronounced. State v. Jeffors, *ante*.

The anomaly here is, that the plaintiff by his motion asks the court to order the entry of a judgment *nunc pro tunc* for $2,336.47, which is the identical amount for which the record shows judgment was given August 20, 1896. And therefore the *nunc pro tunc* judgment which was entered on the plaintiff's motion is not that which was therein claimed to have been pronounced by the court. The judgment set forth in the motion as that which the court pronounced August 20, was not ordered to be entered *nunc pro tunc*—a different judgment was ordered as to amount. But even if the judgment alleged to have been pronounced was not that as to amount which was ordered to be entered *nunc pro tunc*, still, if the facts shown by the record are such as to reasonably and fairly authorize the conviction that the judgment ordered to be entered on the motion was that which was

actually pronounced August 20; no reason is seen why, notwithstanding the variance, it should not be upheld. Witten v. Robison, 31 Mo. App. 525.

The *nunc pro tunc* entry in question, in legal contemplation, took the place of the judgment entry of August 20. The latter was not required to be expunged from the record. Belkin v. Rhodes, *ante*.

It seems to us that from the entries appearing on the docket of the judge and the minute book of the clerk, and the instruction to find for the amount due on the notes that the conclusion is irresistible that the court on August 20, did pronounce a judgment; but as to whether the judgment *nunc pro tunc* entered is that so pronounced is a question not free from difficulty. It is very certain that if the court meant by its instruction that it found an amount due on the notes according to the allegations of the petition, that then the *nunc pro tunc* judgment is not the judgment it pronounced, but if it meant that it found the amount due on the notes as disclosed by the face and the indorsement on the back thereof, then such *nunc pro tunc* judgment is not in accordance with that finding. In addition to the calculation of the amount due on the notes as made by the plaintiff's attorney and adopted by the court, the defendant's attorney has submitted several made by him, all of which demonstrate to our mind the difficulty of fixing, with any degree of certainty, the amount which Judge Rucker intended to find, or did find, to be due on the notes. It is clear that the explanatory parol evidence introduced by plaintiff should, on defendant's objection, have been excluded for incompetency. It could not be considered to aid or explain the record. The record evidence introduced is wholly insufficient to satisfy our minds that the *nunc pro tunc* judgment entered is that as to amount pronounced by Judge Rucker. As already stated, we have no doubt that Judge Rucker

found the issues for the plaintiff, but as to the amount of his finding against defendant Walton there is some doubt.

In view of this, we shall reverse the judgment and remand the cause, with directions to the trial court to permit the plaintiff to amend his motion, if he shall desire to do so, and to then determine the amount due on the notes, after allowing all the credits thereon indorsed, and accordingly to enter a judgment *nunc pro lunc*. *Ellison, J.*, concurs; *Gill, J.*, not sitting.