## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1901.

*(Continued from Volume 89.)*

## THEODORE BURNS, Respondent, v. JAMES SULLI-VAN, Appellant.

### Kansas City Court of Appeals, June 3, 1901.

1. **Judgments: NUNC PRO TUNC ENTRY: EVIDENCE.** The judgment entered in the record is presumed to be the one rendered, and can not be corrected by a *nunc pro tunc* entry until the record, the clerk's minutes, judge's docket or some other paper in the cause show to a reasonable degree of absolute certainty that another and different judgment was rendered than the one entered.

2. ———: ———: ———: **ERROR.** That the judgment entered is erroneous is not sufficient to authorize its amendment, and the issue is not the correctness of the judgment, but whether the entered judgment is the rendered judgment. Cases considered and distinguished.

3. ———: ———: ———: **SUFFICIENCY.** The evidence is reviewed and *held* insufficient to authorize a correction of the judgment in a forcible entry and detainer proceeding.

Appeal from Johnson Circuit Court.—*Hon. William L. Jarrott,* Judge.

REVERSED.

*J. M. Crutchfield* and *Charles E. Morrow* for appellant.

(1) The only judgment rendered by the court as shown by the record was the judgment actually written up by the clerk. Railroad Co. v. Holschlag, 144 Mo. 253; Bohm Bros. & Co. v. Stivers, 75 Mo. App. 291; Belkin v. Rhodes, 76 Mo. 643; Evans v. Fisher, 26 Mo. App. 541, loc. cit. 547; Jones v. Hart, 60 Mo. 351; Woolridge v. Quinn, 70 Mo. 370. (2) Where there is nothing to show that a judgment was actually rendered by the court different from that written up by the clerk, as in this case, no correction *nunc pro tunc* can be made. Bohm Bros. & Co. v. Stiver, 75 Mo. App. 291; Fetters v. Baird, 72 Mo. 389; Atkinson v. Railroad, 81 Mo. 50; Belkin v. Rhodes, 76 Mo. 643; Cunningham v. Wells, 16 Mo. App. 78; Evans v. Fisher, 26 Mo. App. 541. (3) It can not be assumed that the court rendered the proper judgment because it ought to have done so. Bohm Bros. & Co. v. Stivers, 75 Mo. App. 291; Page v. Chapin, 80 Mo. App. 159. (4) A verdict alone is not sufficient. There must be something to show that the court rendered the judgment sought to be entered upon the verdict. Bohm Bros. & Co. v. Stivers, 75 Mo. App. 291; Jones v. Hart, 60 Mo. 351.

*J. W. Suddath* for respondent.

(1) "Where the clerk fails to enter judgment or enters up the wrong judgment, there is no doubt about the existence of the power in the court to correct the matter and order the

proper entries to be made at any time." Gibson v. Chouteau, 45 Mo. 171; Mann v. Schroer, 50 Mo. 306; Railroad v. Mockbee, 63 Mo. 348; 1 Freeman on Judg. (4 Ed.), sec. 72, p. 100; In re Wight, 134 U. S. 136; Fletcher v. Coombs, 58 Mo. l. c. 434; Robertson v. Neal, 60 Mo. 579; State ex rel. v. White, 75 Mo. App. 260.   (2)   "Where the judge corrects judgment, the higher court must presume that enough appeared on judge's minutes or otherwise on the record to justify or authorize the judgment or order rendered or made by the court." Fletcher v. Coombs, 58 Mo. 434.   (3) "Upon the rendition of a verdict for the plaintiff in an unlawful detainer cause, when defendant is served or appears, a judgment for the restitution of the property follows the verdict as a legal conclusion; and if by reason of clerical mistake such judgment is not entered, the facts by which the proper amendatory entry can be made, are furnished by the verdict and files in the case and this is amply sufficient for that purpose." Railroad v. Mockbee, 63 Mo. 348; Witten v. Robison, 31 Mo. App. 533, 534; Jones v. Hart, 60 Mo. 351 loc. cit. 359, dis. opinion; Hanley v. Dewes, 1 Mo. 16 l. c. 25; Hyde v. Curling, 10 Mo. 359; State v. Clark, 18 Mo. 432; DeKalb Co. v. Hixon, 44 Mo. 341; Gibson v. Chouteau, 45 Mo. 171; Massey v. Scott, 49 Mo. 278; Groner v. Smith, 49 Mo. 318; Benoist v. Christy, 50 Mo. 145; Priest v. McMaster, 52 Mo. 60.

ELLISON, J.—Plaintiff brought an action of forcible entry and detainer against defendant, wherein, on appeal to the circuit court, he secured the verdict of the jury called to try the cause.   A judgment was entered in the record by the clerk of the court.   Afterwards, plaintiff claimed the judgment so entered by the clerk was not the judgment rendered by the court and he began a *nunc pro tunc* proceeding to have en-

tered the judgment he claims the court actually rendered. His motion was sustained and a judgment *nunc pro tunc* entered. Defendant appealed.

The recollection of the judge or clerk or witnesses can not be relied upon as evidence upon which to base a *nunc pro tunc* judgment. A *nunc pro tunc* judgment is merely entering a judgment which in fact has been theretofore rendered by the court. The evidence whereby it is ascertained what judgment the court did in fact actually render consists of the record, the clerk's minutes, the judge's docket, or some paper in the cause. If these, or either of them, in the absence or silence of the others, show to a reasonable degree of absolute certainty the judgment the court actually rendered, it will be entered *nunc pro tunc*. The judgment entered in the record will be presumed to be the one actually rendered by the court and evidence of the character just stated must be produced to overcome such presumption. M. K. & T. Railway Company v. Holschlag, 144 Mo. 53; Belkin v. Rhodes, 76 Mo. 643.

This presumption obtains, no matter how erroneous or illegal the judgment so entered may be. If the fact that the judgment was unauthorized or erroneous was sufficient to overcome the presumption that it was the court's act, then we would be driven to the position that courts never enter any but proper judgments. It will never do to say that a judgment entered is not the judgment rendered merely because it ought not to have been rendered. That seems to me to be an absurdity. Bohm Bros. v. Stivers, 75 Mo. App. 291; State v. Jeffors, 64 Mo. 378; Woolridge v. Quinn, 70 Mo. 371; Ross v. Ross, 83 Mo. 102; Evans v. Fisher, 26 Mo. App. 546. There must be something to show that a different judgment was rendered.

What is sufficient evidence to overcome the presumption that the erroneous judgment entered by the clerk is not the

judgment rendered by the court? It must be evidence of the character indicated herein which convinces the mind that the court was not a party to the mistake which the clerk has made. Thus, if the clerk fails to enter a judgment which legally follows the proceeding and verdict, but enters a judgment which is not justified by the proceedings and verdict, or finding or determination of the court, and the judge's docket should show he had determined the case for one of the parties and rendered "judgment" without specifying what kind of judgment, and there can be but one kind, it will be presumed that the legal and proper judgment was what was meant by the court, and the clerk's entry will be overcome. That was the case of Railway v. Mockbee, 63 Mo. 348. In that case the proceeding was to condemn land for the railway company. The landowners filed objections to the report of the commissioners. These objections were overruled. The clerk entered a judgment that "plaintiff take nothing by his action and that defendant recover his costs." The only judgment which could have been properly rendered in such proceeding at such stage, on the overruling of objections to the report of the commissioners, was one vesting title in the railway company. On motion to enter the judgment *nunc pro tunc* claimed to have been actually rendered, the railway company introduced the judge's docket which, after stating the case, recited: "Objections overruled, and judgment for defendant. Motion to set aside judgment and for new trial. Motion overruled. Bill of exceptions tendered signed and filed." The Supreme Court held that since the record showed that the trial court had overruled the objections to the report and rendered "judgment," it meant the legal judgment and rebutted the clerk's entry, and so sustained a *nunc pro tunc* order.

In Jones v. Hart, which plaintiff here claims is overruled by the case just cited, it will be found that there was

nothing to show that the court had rendered any judgment at all except the entry of the clerk in the judgment record proper which in the absence of any other proper evidence is, of course, final. And such was the case of Bohm Bros. v. Stivers, 75 Mo. App. 291. In the Mockbee case the evidence showed against the erroneous judgment entered by the clerk that the court rendered "judgment," and it was properly assumed that it was the only legal judgment which could be rendered.

We will now state the facts shown in evidence in this proceeding so that the above may be applied thereto. As stated at the beginning, the action was forcible entry and detainer in which the plaintiff prevailed. The following is the judgment entered by the clerk which it is sought to correct:

"Theo. Burns
　　　v.　　　} No. 1824. Judgment.
James Sullivan.

"Now at this day come the parties herein by their respective attorneys and again come the jury trying this cause and being called and all appearing in court the trial of this cause is proceeded with, and after hearing all the evidence are instructed by the court as to the law of this case and the argument of counsel is made, the jury retire to their room to consider their verdict, and after due deliberation the jury, having agreed upon a verdict, they are conducted into court by the sheriff having them in charge and being called and all appearing they render in open court the following verdict, to-wit:

"Warrensburg, Mo., March 1, 1899.

"We, the jury, find the defendant guilty in manner and form as charged in the complaint and do further find that the complainant has sustained damages by reason of the premises, to the amount of one dollar.

"R. F. Chitwood, Foreman.

"It is therefore ordered and adjudged by the court here that the plaintiff and appellant have and recover of and from the said defendant and respondent, James Sullivan, the said sum of one dollar so found by the jury as aforesaid, together with his costs herein accrued and that he have execution therefor."

It is claimed that this judgment is erroneous and differed from the judgment rendered by the court, in that it omitted to adjudge restitution of the property found by the jury to be unlawfully detained and also failed to adjudge double damages. .

The evidence offered to support the motion for the *nunc pro tunc* order consisted of the papers in the cause and the aforesaid alleged erroneous entry by the clerk. Also the following entry in the clerk's minutes:

"February term, 1899. Fifteenth day of term, March 1, 1899.

"Burns (1824) v. Sullivan.

"Cause resumed, evidence heard, instructions given. Argument heard and jury retire. Come the jury with the following verdict: Guilty as charged and damages $1.00."
And also the following entry in the judge's docket:

"Eleventh day of said term, Friday, February 24, 1899.

Jones Bros. Com. Co. v. Long.

| No. Case | Name of Parties in Action. | Cause of Action and Service. | Attorneys. | Orders at Present Term. |
|---|---|---|---|---|
| 1824. | Theodore Burns, Appellant, vs. James Sullivan, Appellee. | Forcible entry and detainer. Appeal from J. P. | H. G. Hart, Suddath Sat. 25 Morrow & Crutchfield. | 2-16 plaintiff files notice of appeal. 2-28 jury impanelled, evidence heard. 3-1 verdict finding defendant guilty, damages assessed at $1. 3-3 defendant files motion for new trial and arrest of judgment." |

From the foregoing it will be seen that there is absolutely nothing to overcome the presumption that the entry of judgment made by the clerk was not the judgment the court actually rendered, except that it is erroneous, which, as we have already endeavored to show, is wholly insufficient. This case and the Mockbee case above discussed are not alike.

The result is that the judgment must be reversed. *Smith, P. J.,* and *Broaddus, J.,* concur.