KOELLING, Appellant, v. AUGUST GAST BANK NOTE AND LITHOGRAPHING COMPANY et al., Respondents.

St. Louis Court of Appeals, December 1, 1903.

1. REPLEVIN: Execution. An execution in favor of the successful defendant in an action of replevin, where the plaintiff has obtained possession of the property, may properly command the sheriff to take the property from the plaintiff and deliver it to the defendant, or failing to do so, levy the value thereof out of the goods and chattels of plaintiff and his sureties.

2. ———: ———: Election when. The election to be made by the successful party in an action of replevin, under sections 4477 and 4478, Revised Statutes 1899, regularly occurs after the property has been delivered to the sheriff, though it may occur before judgment, or after judgment and before the sheriff has obtained the property; and the successful party does not lose his right to its possession until after he has elected to take its value.

Appeal from St. Louis City Circuit Court.—*Hon. D. G. Taylor,* Judge.

AFFIRMED.

*David Murphy* for appellant.

(1)    Section 4464, Revised Statutes 1899, provides that when claim for delivery of personal property is duly made and bond given, the property shall be taken out of the possession of the defendant.    That is the specific mode of procedure at the time of the claim for personal property is made.    But in no other part of the proceeding, nor after judgment, is there any such provision or authority to take the property from the possession of the defendant in the execution.    Hanlon v. O'Keefe, 55 Mo. App. 534; Carlisle v. Railroad, 168 Mo. 656; Heidelberger v. St. Francois Co., 100 Mo. 74; Beasworth v. Bowman, 104 Mo. 49.    (2)    The law never presumes a *casus omissus*, nor accepts such where there are other existing provisions which can be logically used to carry out the legislative will.    Miss. River & B. Fr. Co. v. Jones, 54 Mo. App. 537.    And courts can not infer that the omission of a clause from a statute was accidental or unintentional.    And, if it could be so inferred, courts could have no power to remedy such omission. State ex rel. v. Clark, 57 Mo. 25; Ex parte Donaldson, 44 Mo. 149; St. Joseph v. Porter, 29 Mo. App. 605.

*W. E. Fisse* for respondents.

GOODE, J.—This is an appeal from an order of the circuit court overruling a motion filed by the plaintiff to quash an execution issued on a judgment in favor of the defendants for the possession of certain specific articles of personal property.    The case was in this court on the main issues heretofore and will be found reported in 97 Mo. App. 664.    The action was one of replevin and the plaintiff had obtained possession of the property in controversy when the suit was instituted. The defendants finally prevailed, as will be seen by referring to the decision of the former appeal, and to the judgment in their favor reciting that they were entitled

to possession of the property, which judgment runs as follows:

"It is therefore now considered by the court that the defendants do have and recover of the plaintiff, and of Chauncey I. Filley, the surety on the replevin bond, the possession of the property in controversy and hereinabove described, or the value thereof as agreed by said parties, to-wit: said sum of four hundred dollars, at their election, and also costs of suit, and that execution issue herein in conformity with this judgment."

An execution was issued on that judgment reciting the recovery of it against the plaintiff and his surety on the replevin bond and describing the property. The execution then proceeds as follows:

"These are, therefore, to command you to require and demand of the above-named plaintiff, Theodore H. Koelling, and Chauncey I. Filley, surety on the replevin bond aforesaid, that they return to the above-named defendants the property aforsaid, or pay the value thereof as assessed by the court, if the said defendants shall elect to receive the value thereof as aforesaid.

"If the said defendants shall elect to take the aforesaid property and the said Theodore H. Koelling and Chauncey I. Filley shall not deliver the same to you or to said defendants, pursuant to your demand therefor, within ten days after the date thereof, that then you take the said property and all thereof out of the possession of the said Theodore H. Koelling and Chauncey I. Filley and deliver the same to the said August Gast Bank Note. and Lithographing Co., Louis J. W. Wall and Joseph B. Ambs; or failing to receive or to take said property as aforesaid, you shall out the goods and chattels and real estate of the said Theodore H. Koelling and Chauncey I. Filley, make the assessed value of the property aforesaid, to-wit; the said sum of four hundred dollars with costs." . . .

"You are further commanded that you have this writ before the judges of said court on the first Mon-

day of June, next, and that you certify how you have executed this writ.

"Witness, Wm. H. Hauschulte, clerk of our said court with the seal thereof hereunto affixed, at office in the city of St. Louis, this 2d day of April, A. D. 1903."

The motion to quash alleges that the execution is not statutory in form, but an extraordinary process, directing the sheriff to do an act beyond his power. The plaintiff's real contention is that no execution could issue commanding the sheriff to take the property from the plaintiff and deliver it to the defendant. To our minds such a rule would nullify and set at naught our statutes for the recovery of specific personal property, whose principal purpose is to take property from the possession of a person who is not entitled to it and turn it over to the person who is. The contention of the plaintiff would result in giving the party who does not own the property, or is not entitled to possession, an election to say whether he will keep it or pay its value to the other party; whereas, the statutes, by plain words, vest this election in the owner or the party entitled; as ought to be done.

Plaintiff's counsel seems to rely on section 4478 (R. S. 1899), which reads as follows:

"If such property be not delivered to the officer within ten days after process issued, he shall levy and make the assessed value thereof, the damages and costs, of the property of the party against whom the process issued."

The election to be made by the party who owns the property or is adjudged entitled to its possession, regularly occurs after the property has been delivered to the sheriff (R. S. 1899, sec. 4477) although it may occur before judgment. White v. Graves, 68 Mo. 218; Woldridge v. Quinn, 70 Mo. 370. But the statutes presuppose that the party entitled shall make his election after the defeated party to the replevin action has delivered the disputed property to the sheriff; and it is his duty to

deliver it within ten days after process issues. R. S. 1899, sec. 4478. If he does not deliver it in that time, the sheriff may proceed by levy to make its assessed value, damages and costs out of the party in default. R. S. 1899, sec. 4478. Such action of the sheriff, however, does not divest the successful party of the right to the property; because he need not exercise his choice in the matter until the sheriff gets the property. That it does not divest the title is specially provided in section 4479. The previous section (4478) is designed to coerce the losing party into turning the property over to the sheriff and is not designed to give said party an option to keep it or pay its value. Hanlon v. O'Keefe, 55 Mo. App. 528. The successful party loses the right to possession of the property only when he has elected to take its value (sec. 4479); which election, as stated, need not be made by him until his defeated adversary has complied with the law by delivering the property to the sheriff. Another section of the statute gives the right to an execution for the delivery of personal property; and requires the sheriff to take the property under the execution and deliver it to the one entitled to it. R. S. 1899, sec. 4485.

The execution which was issued in this case simply provided that if the defendants elected to take the property and Koelling and his surety did not deliver it within ten days after process issued, the sheriff should take it from Koelling and Filley and deliver it to the defendants; or if the sheriff failed to either receive or take the property, that its value should be made out of the goods of Koelling and Filley. If, as was decided in White v. Graves, and Woldridge v. Quinn, supra, the party entitled may make his election before judgment when no injustice will be done thereby, he may certainly make it after judgment, but before the sheriff has obtained the property, if no injustice will result; and none will in the present case. As the plaintiff had no right to retain the property by paying its value, this execu-

tion in the form it bears, could work no prejudice to him, and the judgment of the court below, refusing to quash it, is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.