J. S. KELLER *vs.* J. McGILL SMITH *et al.*

Argued Nov. 7, 1894. Affirmed Nov. 28, 1894.

No. 9084.

**Verdict justified by the evidence.**

Evidence in this case *held* sufficient to justify the verdict of the jury.

Appeal by defendants, J. McGill Smith and Herbert B. Farwell, from an order of the District Court of Ramsey County, *Chas. D. Kerr,* J., made March 24, 1894, denying their motion for a new trial.

On December 1, 1890, the plaintiff, J. S. Keller, owned a lot of household furniture valued at $600 and delivered it that day to defendants to be stored for hire in their warehouse, No. 341 East Seventh Street, St. Paul. Plaintiff claimed that defendants agreed with him to keep the furniture insured for his benefit against loss by fire saying it would be covered by their policies upon the stock, their own or held by them in store or sold but not delivered. On January 26, 1892, he paid defendants $13 in full for storage to that date and they agreed to hold it for sixty days thereafter and box it for shipment for the further sum of $25. If it remained longer plaintiff was to pay storage. It was not shipped and on April 25, 1892, the warehouse and the furniture therein were totally destroyed by fire without fault of defendants. This fire was the occasion for another action. *Johnson* v. *Smith,* 54 Minn. 319. The plain-

tiff's goods were not covered by the policies of insurance then held by defendants. They denied that they promised plaintiff to keep his furniture insured. This action was to recover damages for failure to insure. On the trial plaintiff called J. W. Owens as a witness to the value of the furniture. He was not a dealer. He was in the express business and only knew values of furniture from his experience in keeping house eighteen years and buying for his own use. Defendants objected on the ground that witness was not shown to be competent to testify as to values. The objection was overruled and defendants excepted. He and the plaintiff were the only witnesses as to values. Defendants contend this ruling was erroneous and they specify it as such in their fifth and sixth assignments of error. The jury returned a verdict for plaintiff and assessed his damages at $450. Defendants moved for a new trial, and being denied they appeal.

*Young & Lightner*, for appellants.

The plaintiff claims that the agreement to insure was made January 26, 1892, and that there was also an agreement to insure made in December, 1890. The defendants deny that any agreement to insure was made at either time. The jury having found a verdict for plaintiff, the question presented is, whether the evidence is sufficient to show a valid agreement to insure made upon sufficient consideration and in force at the time of the fire. It is necessary for the court to examine the evidence upon these points.

The defendants contend that they did not agree to insure. That if they did agree to insure, the agreement was void because wholly without consideration. If an obligation to insure rested upon defendants it terminated sixty days from January 26, 1892, thirty days before the fire.

The witness Owen was not shown to be competent to express an opinion on value or to have any knowledge of values. *Berg* v. *Spink*, 24 Minn. 138; *Seurer* v. *Horst*, 31 Minn. 479; *D. M. Osborne & Co.* v. *Marks*, 33 Minn. 56.

*Horton & Denegre*, for respondent.

The only questions involved in this case are questions of fact which have been submitted to the jury, under a proper charge by

the trial court, and found in favor of the plaintiff. Applying the rule laid down in the case of *Hicks* v. *Stone*, 13 Minn. 334, there can be no question but what the order of the trial court denying defendant's motion for a new trial was proper. *Barron* v. *Paulson*, 22 Minn. 36; *Wilcox* v. *Landberg*, 30 Minn. 93; *Carlson* v. *Small*, 33 Minn. 439; *Taylor* v. *Spaulding*, 36 Minn. 550; *Hensel* v. *Chicago, St. P. M. & O. Ry. Co.*, 37 Minn. 87; *Grommes* v. *Shute*, 46 Minn. 182.

The question as to value objected to was proper. The answer of the witness Owens to the question could not have prejudiced their case, because the evidence is sufficient on the question of value to sustain the verdict without considering the testimony of Owens at all.

Buck, J. This action is brought to recover the value of certain household furniture which plaintiff stored with the defendants, and he alleges that the defendants agreed to insure it for its full value, alleged to be the sum of $666, and the verdict of the jury was in favor of plaintiff for $450. The defendants deny that they agreed to insure the goods. They were destroyed by fire while in the defendants' possession. The defendants were engaged in business as furniture and carpet dealers, and in their answer they "admit that on or about the first day of December, 1890, these defendants, for and in consideration of certain storage charges to be paid, received for storage from the plaintiff the goods, wares, and merchandise described in the complaint, and admit that thereafter, and on or about the 26th day of January, 1892, the plaintiff paid the defendant the sum of thirteen dollars for storage of said merchandise, the same being in full for storage to that date." The defendants further allege in their answer "that, at the request of the plaintiff, these defendants on or about the 26th day of January, 1892, being then in possession of the personal property described in the complaint, and for his convenience, retained the possession of said personal property, without charge for storage thereon, and as gratuitous bailees, and allege that thereafter, and while so rightfully in possession of said personal property, and on or about the 25th day of April, 1892, the same were, without fault of these defendants, totally destroyed by fire." Very much of the controversy

arises over the last portion of the answer which we have quoted. The plaintiff claims, and so testified, that about the 1st day of December, 1890, he bought some of the furniture described in the complaint, of defendants, on the installment plan, and made the final payment January 26, 1892, and up to that time left the furniture with defendants in storage, but that no terms were made about insurance; but that he stated to Mr. Farwell, one of the defendants, that he supposed that he ought to insure the furniture; and that Farwell told him it was entirely unnecessary; that it was covered under his policy.

Plaintiff further testified that when he paid for the storage he made an agreement with defendant Farwell to continue the insurance; that he suggested that perhaps he, plaintiff, had better insure the goods, but that Farwell said that he would keep them insured; that the furniture was covered under his policies; that plaintiff was already insured, and that he would continue the insurance. He further testified that at the same time he informed Farwell that the time for removing the goods was indefinite, and that he did not want to pay storage charges for any length of time; but Farwell said to him: "If you move them in sixty days, we will not charge you insurance for that time, nor for storage, nor for anything except packing." J. W. Owens, a witness for plaintiff, testified that he heard a conversation between plaintiff and Farwell in which plaintiff said, "Well, I guess the best thing I can do, not knowing when I want to ship this furniture, is to get it covered by a time policy"; and Mr. Farwell said, "Mr. Keller, it is not necessary for you to go to that expense at all, because my policy will cover these goods of yours"; and that "Mr. Farwell agreed with Mr. Keller to keep the goods for sixty days free of charge, in lieu of the $25 he was to pay him for packing the goods. That was settled upon then and there, that he was to pay him $25 for packing the goods, and in consideration of that he was to keep them sixty days for nothing. If they remained longer, Mr. Farwell was to pay storage, and it was to be paid when Keller got the goods." There was considerable more evidence of the character which we have quoted. Very much of this was denied by the defendants. It was all submitted to the jury for its consideration, and the jury found a verdict for plaintiff, as we have stated, for $450. The furniture

was burned about one month after the expiration of the sixty days.

It is claimed by the appellants that, even if there was such a contract for insurance as claimed by plaintiff, it was void for want of consideration. But we are of the opinion, taking the whole transaction, that there was sufficient consideration for defendants' promise to keep the furniture insured. If the goods remained longer than sixty days, the defendants were to charge for storage, and if they agreed to keep them insured, as part of that bargain, then there was a sufficient consideration which entered into the contract. The jury must necessarily have found that defendants agreed to keep the property insured, and whether it was intended by defendants that their general insurance policy should cover the furniture, or whether they would be entitled to charge plaintiff with the additional costs of insurance, is immaterial, so far as a consideration for the agreement is concerned. The agreement was for storage and insurance, made at the same time as part of an entire contract, and there is evidence to show that defendants were to charge plaintiff, and receive from him, storage for the furniture during the time it was left with them after the expiration of the sixty days.

As to the fifth and sixth assignments of errors, the matter referred to was largely in the discretion of the trial court, with which we do not feel disposed to interfere.

The order denying the motion for a new trial is affirmed.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 60 N. W. 1102.)