CARRIE L. DAWSON, Respondent, v. A. WALDHEIM, Appellant.

St. Louis Court of Appeals, April 18, 1899.

**Warehouseman:** CONTRACT TO INSURE GOODS. Warehousemen who have the care and custody of goods may insure them in their own names for their value; the instructions in the case at bar reviewed and approved.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED.

JOHN J. O'CONNOR for respondent.

A warehouse keeper may legally carry an insurance against loss by fire on goods stored with him, where he is liable for their safekeeping. Ferguson v. Pekin Plow Co., 141 Mo. 161. When a contract is not void at law, it is no defense to its enforcement to say that the profits would not equal the costs of carrying the contract into full effect. And where a party agrees to keep another's property insured, even though the undertaking be gratuitous, he will be held to a fulfillment of his promise if he does anything toward carrying out the promise. Brick Co. v. Hogsett & Woodward, 73 Mo. App. 432. How much more binding is the contract when supported by a consideration. Where, in an action of law, an issue of fact has been submitted to a jury and the evidence is

conflicting, the verdict of the jury thereon will not be disturbed by this court, if there be any evidence to support the verdict. Reynolds v. Buffington, 75 Mo. App. 86; Hansan v. Russell, 75 Mo. App. 110; Downing v. Railway, 70 Mo. App. 657.

No brief filed for appellant.

Failure to pay premium when due avoids policy of insurance. Respondent admits she owed $7 at the time of the fire, which defeats her recovery because failure to pay premium of $2 per month when due avoided the contract of insurance. "The failure to pay the premium at the time specified terminated the contract of insurance." Ashbrook v. Ins. Co., 94 Mo. 78; Barnes v. Ins. Co., 30 Mo. App. 539; Gatesman v. Ins. Co., 1 Mo. App. 229; Moser v. Ins. Co., 2 Mo. App. 408; Ins. Co. v. Klink, 65 Mo. 78. As the respondent was by her own admission in arrears for over three months at time of fire, the alleged insurance had lapsed long before the fire.

BIGGS, J.—This suit was originally brought against David May and Aaron Waldheim, composing the firm of May, Stern & Company. It was subsequently dismissed as to May. The firm was engaged in selling furniture, carpets, etc., on the instalment plan. It also had a storage department, which it conducted in connection with its regular business. The storage business was usually confined to the care and custody of goods upon which the firm held mortgages. On the twenty-ninth day of September, 1896, and also in October, 1897, the plaintiff stored with the firm her household goods, including a carpet which she had bought from the firm, and for which she had not fully paid. The goods were burned in March, 1898, while in store. In this action the plaintiff claims that the members of the firm are responsible for the value of the goods upon the alleged ground that at the time the goods were placed in the warehouse the firm agreed for a

consideration to cause them to be insured for their full value and to keep them so insured so long as they remained in storage, which they failed and neglected to do. The allegation of the petition is "and defendants agreed for said sum to keep the same (property) safe and to keep the same covered by fire insurance which defendants assured her they carried, and would carry on all furniture stored with them in amount sufficient to pay any loss occasioned to the same by fire, and to indemnify and protect her from any loss should the furniture stored by her, or any part thereof, become destroyed while in their said warehouse by fire," etc.

The defendant Waldheim admitted in his answer that at the time stated he and May were copartners under the firm name of May, Stern & Company, and that they were engaged in the business of storing furniture. All other allegations of the petition were denied. The trial resulted in a verdict for $805, upon which judgment was entered. The defendant has appealed.

Counsel for defendant has, in our opinion, misapprehended the nature of plaintiff's cause of action as shown by the petition and which her evidence tended to prove, and hence many points are discussed in the briefs which are apart or foreign to the case. He seems to treat the action as one upon oral contract for the issuance of an insurance policy on the goods, and from this standpoint he urges many objections to the sufficiency of the petition and evidence, such as a failure to aver and prove the amount and duration of the risk, the ownership of the goods at the time of the application for the insurance or at the time of the fire, or that May, Stern & Company had authority to make contracts of insurance, etc. The gist of the plaintiff's cause of action is that for a consideration May, Stern & Company contracted with plaintiff to cause her goods to be insured to their full value while in the custody of the firm; that the firm failed to do this; that the goods were burned while in storage, and that the defendant

had refused and failed on demand to pay plaintiff the value of her property. Such contracts are by no means uncommon. Warehousemen who have the care and custody of goods may insure them in their own names for their value. Ferguson v. Pekin Plow Co., 141 Mo. 161.

The plaintiff testified to the contract as alleged. She said that she made the contract with Mr. Worth, an employee of the firm, and that the defendant Waldheim was present, and that Worth told her that the firm always carried heavy insurance; that her goods would be insured, and that CONTRACT. if they burned she would be paid their value. She also testified to the destruction of the goods, their value, and the refusal of the defendant to pay for them. Under this testimony we can not consider the assignment that the verdict is against the evidence. Neither can we consider the weight of the evidence. That was for the jury.

It is claimed that the verdict is excessive. The plaintiff testified as to the value of the property. She stated the various articles and valued them separately. The aggregate value as testified to by her was between $1,400 and $1,500. The verdict was for $805. The opposing evidence as to value is by no means satisfactory. One of the employees of the firm undertook to place a value on the goods. He admitted that he had never examined them with a view of determining their value. An auctioneer who had never seen the goods testified to what like goods would have ordinarily sold for at public auction. It is plain that this assignment must be overruled.

Among the articles burned were some family portraits. The defendant asked and the court refused to direct the jury that in determining the market value the worth of the pictures and frames as articles of merchandise was alone to be considered, and not the fact that they were the portraits of relatives. As the evidence of plaintiff was directed solely to the former proposition, the instruction was properly refused.

The substance of the other instructions asked by the

defendant and refused by the court, of which complaint is made, was embodied in those given by the court on its own motion, hence the defendant has no right to complain on that score. The instructions of the plaintiff and those given by the court on its own motion are quite lengthy. It is not necessary to set them out. It suffices to say that the instructions fully and plainly placed before the jury every essential issue of fact. Finding no error in the record, the judgment of the circuit court will be affirmed. All concur.