Dawson v. Waldheim.

---

CARRIE L. DAWSON, Respondent, v. AARON WALDHEIM, Appellant.

St. Louis Court of Appeals, November 28, 1899.

1. **Judgment: REMITTITUR: MOTION TO RECALL AND QUASH EXECUTION.** An execution issued upon a judgment after a remittitur has been filed thereto without modifying the judgment as it directed, will be quashed. The remittitur impeaches the integrity of the judgment as an entirety, and until modified is not enforcible.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

REVERSED AND REMANDED.

*H. A. Loevy* for appellant.

No new judgment having been rendered by the court upon the filing and announcement of remittitur by plaintiff, there. was no legal support for the issue of the execution attacked. "It does not appear that the judgment was corrected after the remittitur, but it was allowed to stand for the full amount of the verdict. It was the duty of the plaintiff to have seen that the judgment was properly entered, and for a sum not greater than he was entitled to; and for this error the judgment of the circuit court will be reversed, and judgment will be rendered in this court.for the amount the plaintiff was entitled to after the remittitur (Johnson v. Robertson, 1 Mo. 615). The other judges concur." Schilling v. Speck, 26 Mo. 489; Haynes v. Trenton, 108 Mo. 134.

*John J. O'Connor* for respondent.

(1) A judgment may properly refer for particulars to other parts of the record, therefore, the remittitur, being a part of the record, it enters into the judgment. And as the execution mentions the remittitur, and only seeks to collect the amount remaining, it substantially follows the judgment, hence the motion to recall and quash the execution was properly overruled. State ex rel. Waters v. Hunter, 98 Mo. 391. (2) A judgment that is valid will not be destroyed for the mere want of form. Farley v. Commann, 43 Mo. App. 168; Moody v. Deutsch, 85 Mo. 237; Trumbo v. Flournoy, 77 Mo. App. 329; Pickering v. Templeton, 2 Mo. App. 424; Phillips v. Evans, 64 Mo. 22.

BOND, J.—This is a motion to quash an execution upon a judgment in favor of respondent and against appellant for $805, rendered October 19, 1898. A remittitur of $7 of said judgment was filed in the circuit court on the third of November, 1898. Upon a subsequent appeal to this court the judgment was affirmed, but neither here nor in the lower court was any new judgment rendered after the remittitur was filed. On May 25, 1899, an execution was taken out on said judgment, which recited the said remittitur. On the same day the present motion to recall and set aside such execution was filed, which after a hearing the court overruled, hence this appeal.

When the remittitur was filed the integrity of the former judgment was destroyed, and it became the duty of the party filing such remittitur to cause a new judgment to be rendered for the amount of the former, less the sum which had been voluntarily relinquishd. This might have been done either in the court of first instance, or upon the former appeal to this court. But until it was done there was nothing upon which to base an execution, which must always rest upon a valid judgment and run in exact and strict accord therewith. Our conclusion upon the point under review is supported by the following language of Judge Gantt: "When a remittitur is entered, a new entry of the judgment for the amount should be made." Haynes v. Town of Trenton, 108 Mo. loc. cit. 134; and also by the direct adjudication of the supreme court in Schilling v. Speck, 26 Mo. 489. It follows that the circuit court erred in refusing to sustain the motion to quash. Its judgment on said motion is therefore reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed. It is so ordered. All concur.