Dawson v. Waldheim.

CARRIE L. DAWSON, Respondent, v. AARON WALD-HEIM, Appellant.

**St. Louis Court of Appeals, March 12, 1901.***

1. **Nunc Pro Tunc Order, when Granted.** A *nunc pro tunc* order should be granted or refused, as justice may require, in view of the circumstances of the particular case.

2. ——: ——: ENTRY OF JUDGMENT AT SUBSEQUENT TERM: COMMON-LAW POWER OF CIRCUIT COURT: JUDGMENT NUNC PRO TUNC. A court may, in the exercise of its common-law power, as a general rule when the state of the record or the minutes kept by the court or clerk show that a suitor was entitled to a particular judgment, but that the judgment was not entered at the term when it should or might have been entered, at a subsequent term cause the proper judgment to be entered to relate back to the term when it should have been entered, provided the delay was not occasioned by the party applying. It is the law and not the court that gives the suitor the judgment.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

(1) The circuit court had no jurisdiction after the expiration of the October term, 1898, during which judgment was actually rendered in favor of respondent for $805, and respondent remitted $7 thereof, to render a new judgment for the remainder, $798. After the term of judgment the court loses

*This case was received too late to be placed in chronological order.

all control over the cause.    Page v. Chapin, 80 Mo. App. 161;
Bohm v. Stivers, 75 Mo. App. 295; Head v. Randolph, 3
Mo. App. Rep. 249; Danforth v. Lowe, 53 Mo. 217. (2) No
entries or memoranda of any kind were offered in evidence by
respondent on which the court could, at February term, 1900,
render judgment for $798, as of October term, 1898, or order
entry of such judgment in its records.    No such judgment had
in fact been rendered in 1898, consequently there could not be
and in fact there were no entries or memoranda concerning
such judgment.    Page v. Chapin, 80 Mo. App. 161; Bohm v.
Stivers, 75 Mo. App. 295; Ross v. Railroad, 141 Mo. 395 and
398; Mill Co. v. Sugg, 142 Mo. 363.

*John J. O'Connor* for respondent.

(1)    Where the papers on file or the record entries of-
fered in support of the *nunc pro tunc* order, show all the facts
authorizing its entry, justice demands that it should be made,
even though it involve the entry of a new judgment rather than
deprive plaintiff of her rights because of a mere omission to
enter the new judgment on the day, or even at the term, at
which the proceedings were had which occasioned the entry
of such new judgment.    Gibson v. Chouteau's Heirs, 45 Mo.
173; Gamble v. Daugherty, 71 Mo. 599.    It has been held
by the Supreme Court, in the case of Shilling v. Speck, 26 Mo.
489, and Haynes v. Trenton, 108 Mo. 134, and by this court
at the last appeal of this cause (see 81 App. 636), that after a
remitter has been entered there must be a new judgment entered
before a valid execution can be issued.    But it has never been
held that when the remitter was entered at the trial term the
new judgment could not be entered at a subsequent term.
The inference to be drawn from these three cases are quite to
the contrary.    Besides it has been held that it may be done at

a subsequent term.   Phillips v. Evans, 64 Mo. 22.   (2) Where, on appeal, plaintiff's judgment is reversed with directions, which are followed at future proceedings, resulting in a second judgment for plaintiff, this court will affirm the judgment.   Smith v. Lackland, 75 Mo. 307.   (3)   Where there is no merit in an appeal this court will presume that it was taken for delay and will affirm the judgment with damages. Sec. 2305, R. S. 1889. '

BLAND, P. J.—On October 19, 1898, in an action for damages the plaintiff herein recovered in the St. Louis Circuit Court a verdict against the defendant for $805, upon which a judgment, regular in form, was entered; thereafter at the same term, plaintiff, to obviate the granting of a new trial, remitted $7 of the judgment.   An appeal was taken to this court and the judgment was affirmed.   After the remittitur was entered, no new judgment in conformity to the verdict and remittitur was entered, but on May 25, 1899, plaintiff sued out an execution on the original judgment, giving credit for the $7 remitted.   Defendant filed a motion to recall and quash this execution, the motion was overruled, and an appeal was taken on this ruling to this court, where the judgment of the circuit court overruling the motion was reversed and the cause remanded, with directions to sustain the motion (81 Mo. App. 636).   The circuit court, in obedience to the mandate of this court, recalled and quashed the execution, whereupon plaintiff filed her motion for a new judgment.   In support of her motion plaintiff offered and read in evidence all the files in the case and all the record entries and mandates made in the cause.   The court sustained the motion and entered a new judgment on February 14, 1900, as follows, to-wit:

"Now at this day come the parties herein by their attorneys and submit the motion for a new judgment, and the court

having duly considered the same and the evidence adduced in support thereof, and it appearing to the court that on the third day of November, 1898, the plaintiff entered a remittitur of seven dollars of the original judgment for eight hundred and five dollars theretofore rendered in his favor, and that through inadvertence a new judgment for the amount of the original judgment, less the amount voluntarily relinquished, was not rendered or entered of record, the court does now render judgment for the plaintiff and against the defendant for the sum of seven hundred and ninety-eight dollars, to conform with the facts, the manifest intention of the court and the parties and in furtherance of justice and in accordance with the opinion of the St. Louis Court of Appeals herein, and it is ordered by the court that said judgment be entered *nunc pro tunc* as, of and for the third day of November, 1898, and that execution issue therefor and for costs of suit."

Defendant moved for new trial, this being denied him he has appealed.

His contention is, first, that after the adjournment of the October term, 1898, the circuit court had no jurisdiction of the cause for the reason that the cause was finally disposed of at that term by the rendition of a final judgment therein; and, second, that the power to make a *nunc pro tunc* entry in a cause after the end of the term does not authorize the entry of an order which ought to have been made at the former term, but which in fact was not made. The learned counsel for appellant is in error as to his first proposition. There was *no* final judgment entered at the October term, 1898, of the circuit court. The judgment that was entered was nullified by the remittitur and in effect expunged from the record (Schilling v. Speck, 26 Mo. 489; Haynes v. Town of Trenton, 108 Mo. l. c. 134; Dawson v. Waldheim, 81 Mo. App. 636) and the cause stood on the verdict and remittitur.

On these the law directed the judgment to which the plaintiff was then and there entitled to have entered of record in her favor.   Because the court did not in fact order the clerk to make such entry at the time when it should have been entered, it does not follow that the entry might not be made at a subsequent term to relate back to the term when it should have been entered unless the delay is attributable to the laches of the respondent.   Strictly speaking a *nunc pro tunc* judgment is one entered at a subsequent term as and for one which was actually rendered at a former term but which the clerk omitted to enter of record or recorded the wrong judgment.   In practice, however, judgments have been rendered to relate back to the term when they might or should have been entered, but were not entered on account of delay occasioned by the court. To authorize a court to enter a strictly *nunc pro tunc* judgment, there must be some record entry on the minutes kept by the court or the clerk, showing that the judgment applied for was actually rendered by the court, and in this as in many other of the States, oral evidence can not be heard to establish any of the facts necessary to warrant a court to enter a *nunc pro tunc* judgment or to make any order *nunc pro tunc.*   Hyde v. Curling et al., 10 Mo. 359; Dunn v. Raley, 58 Mo. 134; Gibson v. Chouteau Heirs, 45 Mo. 171; Saxton v. Smith, 50 Mo. 490; State ex rel. v. Primm, 61 Mo. 166; Gamble v. Daugherty, 71 Mo. 599; Belkin v. Rhodes, 76 Mo. 643; Atkinson v. Railroad, 81 Mo. 51; Ross v. Railroad, 141 Mo. 390; Mill Co. v. Sugg, 142 Mo. 1. c. 3º3; Blizi v. Castlio, 8 Mo. App. 290; Evans v. Fisher, 26 Mo. App. 541; Bohm Bros. & Co. v. Stivers, 75 Mo. App. 291; Page v. Chipins, 80 Mo. App. 159.   There is a long and consistent line of authorities which hold that courts may exercise the power to enter judgments *nunc pro tunc* for the purpose of preventing injustice to the suitor where the delay is not attributable to his

negligence, but was occasioned by the action of the court. This power is well expressed by Lord DENMAN in Evans v. Rees, 12 Ad. & E. 175, in the following language: "The power of the court to enter judgment *nunc pro tunc* is a power at common law and by the ancient practice of the court to prevent an unjust prejudice to the suitor by the delay unavoidably arising from the act of the court, unless the delay is imputable to the laches of the party applying."

In Mitchell v. Overman, 103 U. S. at pages 64, 65, Justice HARLAN, writing the opinion of the court, said: "The adjudged cases are very numerous in which have been considered the circumstances under which the courts may properly enter a judgment or decree as of a date anterior to that on which it was in fact rendered. It is unnecessary to present an analysis of them, some of which are cited in a note to this opinion. We content ourselves with saying that the rule established by the general concurrence of American and English courts is, that where the delay in rendering a judgment or a decree arises from the act of the court, that is, where the delay has been caused either for its convenience or by the multiplicity or press of business, either the intricacy of the questions involved, or any other cause not attributable to the laches of the party, the judgment or decree may be entered retrospectively, as of a time when it should or might have been entered. In such cases, upon the maxim *actus curiae neminem gravabit*—which has been well said to be founded in right and good sense, and to afford a safe and certain guide for the administration of justice —it is the duty of the court to see that the parties shall not suffer by the delay. A *nunc pro tunc* order should be granted or refused, as justice may require, in view of the circumstances of the particular case." Tapley v. Goodsell, 122 Mass. 176; Long v. Stafford, 103 N. Y. 275; Beard v. Hall, 79 N. C. 506; 18 Encyclopedia of Law and Practice, p. 46. In Witten

v. Robison, 31 Mo. App. 525, it was ruled that the record showed that a verdict had been returned and that a motion for new trial and in arrest had been overruled, but no judgment had been entered at the time when it should have been entered, and where there was no minute showing that the court had rendered judgment—that the presumption should be indulged that the court actually rendered a judgment on the verdict and that on this presumption a judgment *nunc pro tunc* was properly rendered at a subsequent term. The facts are not materially different in the case at bar from those in Witten v. Robison, and we might support the judgment on the authority of that case. But we prefer to go further and uphold the action of the circuit court on the broad ground that a court may, in the exercise of its common-law power, as a general rule when the state of the record or the minutes kept by the court or clerk show that a suitor was entitled to a particular judgment but that the judgment was not entered at the term when it should or might have been entered, at a subsequent term cause the proper judgment to be entered to relate back to the term when it should have been entered, provided the delay was not occasioned by the party applying. It is the law and not the court that gives the suitor the judgment. 3 Blackstone's Commentaries; Zeigler v. Vaner, 3 Iowa 528; Baker v. State, 3 Ark. 491. And when a suitor so presents his cause to the court as to entitle him to the sentence or judgment of the law and nothing remains to be done but to enter the judgment on the minutes or records of the court, a delay to make said entry either by the court or clerk or both, beyond the term when it should have been entered, would work an intolerable injustice to the suitor if the judgment could not be entered at a subsequent term, to relate back to the term when it should have been entered provided the delay was not occasioned by the laches of the party applying. To enter judgment *nunc pro tunc*, in

such circumstances has been the practice of the courts possessing common law jurisdiction from time immemorial. The rule in this State, that such judgments can not be entered on oral evidence, was not impugned by the circuit court on the hearing of the motion for the *nunc pro tunc* judgment. The verdict of the jury and the remittitur was filed with the court and entered on the minutes of the clerk. These furnished the evidence upon which the court entered the judgment. They were sufficient to authorize the court to enter the judgment *nunc pro tunc*. The judgment is therefore affirmed. All concur; Judge *Bond* withdrawing his former separate opinion.