## CARRIE L. DAWSON, Respondent, v. AARON WALD-HEIM, Appellant.

### St. Louis Court of Appeals, December 17, 1901.

1. **Constitutional Question, How Raised:** TRANSFER OF CAUSE TO SUPREME COURT, HOW OBTAINED AND WHEN GRANTED: PRACTICE, TRIAL: PRACTICE, APPELLATE. To authorize the Court of Appeals to transfer a case to the Supreme Court, on the ground that a constitutional question was raised in the trial court and decided by that court adversely to the appellant, the appellate court must be able to ascertain from the record that a constitutional question was raised.

2. ————: ————: ————: ————. And to raise a constitutional question, the party invoking the protection of the Constitution must point out what particular part of the instrument he relies on.

3. ————: ————: ————: ————. In the case at bar, no constitutional question is raised by the record and the motion to transfer to the Supreme Court is denied.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

(1) There is no valid or legal judgment in the case, as the order made by the court intended to be a judgment, possesses none of the attributes of a judgment. Black Judg., sec. 14; Ib., sec. 115; Freeman Judg., sec. 7. (2) The trial court after the expiration of the October term, 1898, at which judgment was originally entered against appellant and at which respondent entered remittitur of $7, lost all juris-

diction over the case and had no power or authority thereafter to render a judgment or take any other action in the case affecting the merits of the case. Jones v. Yore, 142 Mo. 45; Danforth v. Lowe, 53 Mo. 217; State ex rel. v. Williams, 147 Mo. 19. (3) The proceeding in the trial court by plaintiff to obtain a judgment was not due process of law and is unconstitutional, being in violation both of the Federal and State Constitutions. The only proper course to pursue was by a suit against appellant. Smith v. Hauger, 150 Mo. 437. (4) The judgment, as entered, does not correspond to the relief asked for in the motion on which it is founded. Ross v. Ross, 83 Mo. 102.

*John J. O'Connor* for respondent.

(1) The only grounds offered by appellant in this appeal for a reversal of the order overruling his motion to recall and quash the execution, is the alleged want of jurisdiction of the circuit court to render the judgment *nunc pro tunc,* in aid of which the execution was issued. As the validity of that judgment was fully heard and upheld by this court at the last appeal of this cause, the matter is now *res adjudicata.* Dawson v. Waldheim, — Mo. App. —; Donnell v. Wright, 147 Mo. 648; Dickey v. Heim, 48 Mo. App. 114. (2) Where the judgment has been affirmed as in this case, a motion to recall an execution issued thereon by the circuit court after the affirmance, is fruitless unless based on something occurring after the affirmance, for otherwise the affirmance is in effect a direction to the circuit court to issue an execution, which, when issued, can not be recalled by the circuit court. Tourville v. Railroad, 148 Mo. 614.

BLAND, P. J.—A history of this case furnishes a striking example of the evils and difficulties that may arise for want of due attention to every step to be taken in the conduct of a

case from its commencement to the entry of final judgment. On October 19, 1898, plaintiff recovered of defendant a judgment for eight hundred and five dollars. On November 3, following, plaintiff entered a remittitur of seven dollars but no new judgment was entered. Defendant appealed to this court where at the March term, 1899, the judgment was affirmed (80 Mo. App. 52), the attention of the court not having been called to the fact that the remittitur had been entered and that no new judgment was thereafter entered. On May 29, 1899, an execution was issued on the judgment for seven hundred and ninety-eight dollars. Defendant filed a motion to quash the execution on the ground that no final judgment had been rendered. The circuit court overruled the motion and defendant appealed to this court, where, at the October term, 1899, the judgment was reversed with directions to the circuit court to recall and quash the execution for the reason that the remittitur destroyed the integrity of the judgment and made it necessary to enter a new one (81 Mo. App. 636). On December 20, 1899, plaintiff filed in the circuit court a motion for judgment *nunc pro tunc*. The defendant was notified and appeared and resisted the motion. On February 14, 1900, the motion for judgment *nunc pro tunc* was sustained and judgment was entered for seven hundred and ninety-eight dollars, as of date November 3, 1898. From this action of the circuit court the defendant again appealed to this court, where the case was twice argued and at the March term, 1901, the judgment was affirmed (89 Mo. App. 245). On April 11, 1901, execution was issued on the judgment of February 14, 1900. On April 13, 1901, defendant filed his motion to quash the execution which the court overruled and the defendant for the fourth time, appealed to his court. In his motion to quash the execution the defendant attacks the *nunc pro tunc* judgment on eleven grounds, the second of which is as follows: "The proceeding in this court, by virtue and in pursuance of which said judgment was obtained and rendered, is unconsti-

tutional, being in violation of the Constitution of the United States and of the State of Missouri." And on this statement, as one of the grounds for quashing the execution, he has filed in this court a motion to transfer the cause to the Supreme Court.

To authorize us to transfer a case to the Supreme Court, on the grounds that a constitutional question was raised in the trial court and decided by that court adversely to the appellant, we must be able to ascertain from the record that a constitutional question was raised. To raise a constitutional question the party invoking the protection of the Constitution must point out what particular part of the instrument he relies on. It is not sufficient to appeal to the Constitution as a whole. If the party is not able to point out what particular part of the Constitution he relies on he can not expect a court to hunt it out for him. Hulett v. Railroad Company, 145 Mo. 35. No constitutional question is raised by the record and we deny the motion to transfer to the Supreme Court. Every other question raised by the motion was passed on by the last appeal before this and are *res judicata*. The judgment is affirmed. Judges *Barclay* and *Goode* concur.