J. B. MARTIN, Respondent, v. LOUISA L. BROWN, Adm'x of the Estate of JAMES H. BROWN, Deceased, Appellant.

Kansas City Court of Appeals, March 4, 1912.

1. JUDGMENT: Nunc Pro Tunc. Plaintiff sued on a judgment obtained within ten years in another county of this state. After the suit was commenced, the former judgment was corrected by a *nunc pro tunc* order which was made more than ten years after the entry of the original judgment. *Held*, that the amended judgment was the correction merely of a clerical error and could be made at any subsequent time.

2. ———: ———. Where the record affords a plain and unmistakable guide for amending a judgment, the action of the court in ordering the *nunc pro tunc* entry is not open to the objection that there was no sufficient data to authorize the amendment.

Appeal from Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

REVERSED AND REMANDED (*with directions*).

*Roy W. Rucker* for appellant.

(1) The court erred in admitting in evidence, over objection of defendant, the certified copy of the alleged original judgment of the circuit court of Macon county, the same being irregular, erroneous and void; and, because it did not tend to prove the cause of. action declared in the' plaintiff's petition; and, because there was a fatal variance between it and the cause of action alleged in the petition; and because the evidence offered does not prove the allegations of said petition. 1 Black on Judgments (2 Ed.), chap. 10, sec. 186; 1 Black on Judgments (2 Ed.), chap. 8, sec. 142, 23 Cyc. 775; Hurt v. Ford, 142 Mo. 266. (2) The court erred in admitting in evidence the pretended *nunc pro tunc* entry of judgment, over defendant's objection, for the reasons that it tended to prove another and a different cause of action than the cause of action sued on; and for the further reason that there was a fatal variance between the evidence offered and the allegations of the petition. And, because said pretended *nunc pro tunc* entry of judgment shows on its face that the circuit court of Macon county had no legal authority to enter same; and because it is not a *nunc pro tunc* entry relating to the alleged judgment of December 2, 1897, but is an essentially different judgment. Ross v. Ross, 83 Mo. 102; Freeman on Judgments (3 Ed.), sec. 6; Woodridge v. Quinn, 70 Mo. 371; Robertson v. Neal, 60 Mo. 580; Allen v. Sale, 56 Mo. 35; Railroad v. Holschlag, 144 Mo. 256; Milling Co. v. Sugg, 142 Mo. 363; Felters v. Baird, 72 Mo. 391; Hyde v. Curling, 10 Mo. 363; Boehm v. Stivers, 75 Mo. App. 296. (3) The court committed error, for which this court will reverse, in finding and entering judgment for plaintiff in a sum materially in excess of the sum sued for and for which plaintiff demanded judgment, and for allowing interest thereon when none was asked in the petition. For

these reasons defendant's motions for a new trial, and in arrest of judgment, should have been sustained. (4) The court committed reversible error in rendering and entering judgment against one who is not a party to this record. In express terms the judgment is against "J. H. Brown, deceased," whom the record shows is, and for a long time has been dead.

*Benecke & Benecke* for respondent.

(1) The motion for new trial does not set out as one of its grounds that the judgment is for too much, or that it is excessive, hence that matter cannot be raised in the appellate court. Van Stone v. Goodwin, 42 Mo. App. 39; State v. Kyle, 177 Mo. 659; Fender v. Haseltine, 106 Mo. App. 28; St. Louis v. Realty Co., 175 Mo. 63; Merton v. Case Co., 99 Mo. App. 630. (2) The corrected judgment is but the correction of a clerical error, and is practically the same as the original judgment, and the correction relates back to date of original entry. Dawson v. Waldheim, 89 Mo. App. 245; Stevenson v. Black, 168 Mo. 562. (3) The judgment declared on and the judgment offered in evidence are substantially the same, and, hence, there is no variance. Besides, if there was a variance in any respect, it could not have misled defendant, as defendant made no affidavit of variance. This matter cannot be considered on appeal, as the same was not called to the attention of the lower court in the motions for new trial or in arrest of judgment. (4) The correction of the judgment rendered on December 2, 1897, in the Macon County Circuit Court was proper, on notice, and the same was corrected from the record in the case; the petition and answer being a part of such records. Gamble v. Daugherty, 71 Mo. 599. When the clerk fails to enter a judgment which has been rendered, or enters up the wrong judg-

ment, the court may, upon proper evidence of that fact, correct the error and order the proper entries made at any time. Gibson v. Chouteau Heirs, 45 Mo. 171; Priest, Admr., v. McMaster, Admr., 52 Mo. 60; Fletcher v. Coombs, 58 Mo. 430. (5) If the judgment had been paid by defendant or her intestate, payment should have been plead, but, instead, defendant only interposed a general denial, under which payment could not have been proved. Smith v. Rembaugh, 21 Mo. App. 390; Schwartz Bros. v. Van Stone, 62 Mo. App. 241. (6) This suit was against Louisa L. Brown, administratrix of the estate of James H. Brown. The defendant so answered, so tried the case, and, as such administratrix, filed motions for new trial and in arrest of judgment, and, as such administratrix, made affidavit for appeal, and, as such administratrix, is prosecuting this appeal. Now, if there is no judgment against her as administratrix, she has no standing to complain of the judgment. Besides, no question as to this judgment was made in the motions for new trial or in arrest of judgment. It is clear the judgment rendered was against the defendant Louisa L. Brown, administratrix, and not against James H. Brown; the omission of "Estate of" or "Louisa L. Brown, administratrix of" James H. Brown, is evidently a clerical error. (7) The *nunc pro tunc* judgment, having been rendered upon proper motion and notice, cannot be collaterally attacked. Manne v. Schroer, 50 Mo. 306, 3 Mo. 462.

BROADDUS, P. J.—This is an action to recover upon a judgment of the circuit court of Macon county, Missouri, rendered December 2, 1897. The suit was brought in November, 1907, against James H. Brown, who died before service of summons was had upon him, and thereafter revived on motion against Louisa L. Brown, as administratrix.

The original judgment was founded upon a promissory note dated February 20, 1896, payable to one Isaac Van Houten, for three hundred and thirty dollars, due in eight months with interest at the rate of eight per cent per annum. A credit of two hundred dollars was indorsed on said note on the 1st day of November, 1896, and a further credit of two dollars July 30, 1897. The plaintiff alleged due assignment of the note to himself, demand and refusal to pay. The defendant admitted the execution of the note, denied its assignment to plaintiff and set up certain matters as a set-off to the amount of $85.75, which he asked to be credited on the note.

A copy of the verdict was introduced in evidence which reads as follows: "We the jury find the issue for the defendant." The judgment of the court was for plaintiff in the sum of $98.67. The defendant objected to the judgment as evidence on the ground that it is not supported by the verdict, and because there is a fatal variance between the proof offered and the allegations of the petition. The objections were overruled.

On the 8th day of October, 1908, the plaintiff gave defendant notice that at the December term of said Macon County Circuit Court, beginning on the 2nd day of December, 1908, he would file a motion, a copy of which was attached, asking for an order of the court correcting the entries of the clerk of said court concerning the judgment rendered in said cause so as to make them conform to the facts and finding of the court. At said December term a *nunc pro tunc* order was made; said order recites, after formal parts, as follows: "And the court finds from the petition, answer and reply of parties filed herein that this is a suit on a promissory note of the defendant, on which plaintiff claims a balance of principal and interest, amounting at this date to one hundred and eighty-four and forty-four hundredths dollars, as due and

unpaid, for which plaintiff asks judgment, and that defendant in his answer claims an off-set or counter-claim of eighty-five and seventy-five hundredths dollars, for which he asks judgment, and that the same be credited on said note, leaving a balance due on said note of ninety-eight and sixty-seven hundredths dollars, which is admitted by defendant, and that the only issue is as to the set-off or counterclaim of eighty-five and seventy-five hundredths dollars, which was alone on the set-off set up by defendant and denied by plaintiff.'' Then follows a recitation of the verdict of the jury; and the usual form of a judgment for the balance of said note admitted and uncontested in the sum of $98.67.

One of the objections made to the admission of said judgment as amended is that it is not the one described in the petition. The petition alleges that the judgment was rendered for the sum stated in the petition, but as to the judgment for costs, which was left blank in the original judgment, there is a discrepancy as to the amount stated in the amended judgment. The petition alleges the amount to be $53.75, whereas the said judgment for costs is stated at $54.75. We do not think this discrepancy a sufficient variation for rejecting said judgment as evidence. The objection is merely technical.

Another objection is that the *nunc pro tunc* order was made more than ten years after the entry of the original judgment. The amended judgment was the correction merely of a clerical error, and relates back to the date of the original entry, and which the court could make at any subsequent time however long. [Dawson v. Waldheim, 89 Mo. App. 245, and cases cited.]

It is insisted that the court had no sufficient data to authorize the amendment. We think otherwise. The pleadings in the case show that the only issue between the parties was whether the defendant was

entitled to certain credits, it being admitted that the defendant was indebted after the allowance of said credits for a balance in the sum of $98.67. The question as to whether the defendant was entitled to the credits claims was submitted to a jury which found the issue in his favor. There was then nothing left to do but for the court to render judgment for the amount admitted to be due, which it did accordingly. The record afforded a plain and unmistakable guide for its action in amending the said judgment. Nothing was left for conjecture. Under such circumstances it is unnecessary to cite authority in support of the action of the court.

It is claimed that the judgment is excessive in that it exceeds the amount claimed in the petition. Under the allegations of his petition plaintiff seeks to recover judgment for $243.12, whereas the judgment rendered is for $203.57 for his debt and damages, and for the further sum of $107.35 costs. It seems, however, that the judgment is not excessive in the respect claimed. Adding, however, the judgment for costs, it does exceed such amount, but this does not make plaintiff's judgment excessive as a judgment for costs in favor of the winning party follows as a rule, without reference to the amount of the judgment itself.

The objection is also made that the judgment is against Brown, the deceased, instead of against defendant, his administratrix. This was error, but merely clerical, which the court at any time can correct by a *nunc pro tunc* order, which it is directed to do.

Many other questions are raised which seem to us wholly immaterial. The record conclusively shows that the judgment is for the right party, and the proceedings are free from any error of practical importance. Affirmed. All concur.

## ON REHEARING.

JOHNSON, J.—We granted a rehearing on the ground that possibly we might have erred in the conclusion expressed in the foregoing opinion to the effect that the judgment does not exceed the limit imposed in the petition on plaintiff's demand. A reexamination of the petition, evidence and judgment satisfies us that the judgment is in excess of the amount claimed in the petition and should be purged of such excess. In the judgment the learned trial judge separated the demand, giving plaintiff judgment for the amount of the original judgment with interest computed thereon at eight per cent per annum and for the amount of the costs in the Macon County Circuit Court with interest thereon at six per cent per annum. The petition made no separation but computed interest on both judgment and costs at six per cent and prayed judgment for the sum of both, i. e., $243.12. The judgment before us should have been for that amount with interest at six per cent per annum from the date of the commencement of this suit. The judgment, therefore, will be reversed and the cause remanded with directions to enter judgment for plaintiff in accordance with this opinion. It is so ordered. All concur.