**B. J. Schwirtz, Defendant in Error, v. The Woodford Distilling Company, Plaintiff in Error.**

**Gen. No. 16,598.**

1. WAREHOUSE RECEIPTS—*insurance.* An owner of warehouse receipts has a right to rely on a clause therein providing that "the whiskey named herein is insured for invoice amount against loss by fire," and it thereby becomes the duty of the warehouse company thereunder to indemnify the owner against loss or damage by fire.

2. WAREHOUSE RECEIPTS—*provision for storage and insurance construed.* Where warehouse receipts provide for storage at a certain rate from a certain time and that the goods are insured against loss by fire, such receipts embody a storage agreement and an agreement for insurance against loss or damage by fire.

3. WAREHOUSE RECEIPTS—*provisions as to delivery and insurance construed.* An owner of warehouse receipts providing for delivery on return of certificates properly indorsed and payment of taxes and storage, and providing that the goods are insured for the invoice amount against loss by fire, is entitled to the goods on demand or on destruction by fire to the invoice value less proper charges.

4. WAREHOUSE RECEIPTS—*when offer by owner to comply with terms is shown.* Where warehouse receipts provide for delivery on return of the certificate properly indorsed and payment of charges provided for therein and specify that the goods are insured for the invoice amount, there is a distinct offer by the owner thereof to

comply with the terms where, on loss by fire, demand is made for the invoice value less the proper charges due according to a statement by the warehouse company.

5 WAREHOUSE RECEIPTS—*what constitutes performance of obligation to pay charges.* Where a warehouse receipt provides for delivery on payment of charges and specifies that the goods are insured for the invoice amount against loss by fire, an offer by the owner of the receipts on loss by fire to deduct the amount of the agreed charges from the fixed liability of the warehouse company is equivalent to performance of the obligation to pay such charges.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed August 12, 1912.

SEITZ, BRYAN & WILBER, for plaintiff in error.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for defendant in error; ERNEST R. LINDERHOLM, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

Prior to August 5, 1908, one Phil. Kamesch purchased of plaintiff in error, the Woodford Distilling Company, five barrels of whiskey known as Belle of Lexington, and five barrels of whiskey known as Pennsylvania Club Rye, and paid therefor the invoice price of 60 cents a gallon, aggregating $292.59. Plaintiff in error retained the whiskey in storage and issued to Kamesch two warehouse receipts therefor, one for five barrels of Belle of Lexington and one for five barrels of Pennsylvania Club Rye. The two receipts are identical in form, excepting the serial number of the receipt, the designation of the brand of whiskey, the date of inspection, the date when tax is due, the serial number of each barrel, the number of wine gallons and proof gallons in each barrel, and the number of the warehouse stamp on each barrel. The form of said receipts with the exceptions noted is as follows:

"The Woodford Distilling Company.
Distillery, Woodford County, Ky.
United States Bonded Warehouse, Distillery No. 9, Seventh District, located in Midway, Woodford county, Ky. Received and has on storage the following described five barrels  *  *  *  whiskey for our account, and which we hold subject to the order of Phil Kamesch, New Hampton, Iowa.

\*   \*   \*   \*   \*   \*   \*   \*   \*

Deliverable as agreed only on return of this certificate properly endorsed and on payment of the purchase price hereof at Our Main Office and Government, State and County taxes and storage at the rate of five cents per barrel per month from inspection. Loss or damage by the elements, leakage, shrinkage or transportation at purchaser's risk. The whiskey named herein is insured for invoice amount against loss by fire. The holder of this certificate, in accepting it, agrees to its conditions and to pay all money, taxes and charges due hereon.

                    The Woodford Distilling Co.,
                            By I. Orschel,
                                    Prest."

Thereafter, said receipts were endorsed by Kamesch and delivered to defendant in error, B. J. Schwirtz, who paid Kamesch the invoiced price of 60 cents a gallon for the whiskey. On August 5, 1908, the warehouse, in which said whiskey was stored, was destroyed by fire and said whiskey was thereby wholly lost. Plaintiff in error having refused to pay defendant in error the invoiced price of said whiskey, less the proper charges, defendant in error brought suit in the Municipal Court to recover the same, predicating his right to recover upon the following clause in said receipts: "The whiskey named herein is insured for invoice amount against loss by fire." Upon trial by the court without a jury there was a finding and judgment against plaintiff in error for $267.06, to reverse which judgment this writ of error is prosecuted.

By the terms of the receipts defendant in error as-

sumed the risk of loss or damage to the whiskey by all the elements save and except fire, and loss or damage thereto by fire was represented by plaintiff in error as being insured for the invoiced value. Defendant in error had the undoubted right to rely upon such representation and it thereby became the duty of plaintiff in error to indemnify defendant in error against loss or damage by fire to the extent of the invoiced value of the whiskey. Defendant in error was entitled to the whiskey upon demand therefor, or in the event of its destruction in the warehouse by fire defendant in error was entitled to receive from plaintiff in error the invoiced value of the whiskey, less the proper charges. The receipts embodied an agreement for the storage of the whiskey and for its insurance against loss or damage by fire to the amount of its invoice value. In response to a request by an agent of defendant in error for a statement of the charges for storage, etc., plaintiff in error rendered a statement aggregating $25.33, wherein, in addition to charges for storage and for taxes paid, defendant in error was charged with $2.93 for his ''proportionate part of insurance,'' and the demand made by defendant in error upon plaintiff in error was for the invoiced value of the whiskey, less $25.33, the amount of said charges. There was thus a distinct offer by defendant in error to comply with the provisions of the receipts requiring the payment by him of the proper charges to plaintiff in error. By the terms of the receipts the amount for which plaintiff in error was liable was fixed and certain, and there was no controversy as to the amount of the charges for which defendant in error was liable. The offer, therefore, by defendant in error to deduct the agreed amount of charges from the amount of the fixed and certain liability of plaintiff in error was equivalent to the performance by defendant in error of his obligation to pay such charges. Upon this question Harber Bros. Co. v. Moffat Cycle Co., 151 Ill. 84, cited by plaintiff in error is not in point.

We have considered the objections urged to the rulings of the court in the admission of evidence and find no substantial error in that regard which could have operated to the prejudice of plaintiff in error.

Dawson v. Waldheim, 80 Mo. App. 52, and Keller v. Smith, 59 Minn. 203, are cases wherein warehousemen were held liable upon their contracts to insure goods stored.

There is no error in the record and the judgment of the Municipal Court is affirmed.

*Judgment affirmed.*